Parsons, C. J.
The writ in this case is founded on the statute of 1784, c. 28, § 11. By this statute, all original writs are, before they are served, to be endorsed by * the [ * 495 ] plaintiff, his agent or attorney. And if the defendant recover costs, the endorser is made liable, on the avoidance or inability of the plaintiff to pay the costs. The endorser is considered therefore, as stipulating for the plaintiff, that he shall pay to the defendant his costs. For if the plaintiff does not avoid the defendant’s execution, but is arrested on it, and is unable to satisfy it, the endorser is liable, in the same manner that he .would be, if the plaintiff avoided the execution.
But the defendant ought to use reasonable diligence to recover the costs against the principal, the original plaintiff, before he shall *408 have recourse to the surety, the endorser of the writ. And the original plaintiff must avoid, or, if he does not, he must be unable to pay the costs. Whether the principal has or has not avoided, is matter of record, arising from the return upon the execution. And if non est inventus be returned, this return is conclusive evidence of the avoidance. So, if the return be, that the body is taken and committed in execution, such return is prima facie evidence of the plaintiff’s inability, to be controlled only by evidence that he has satisfied the execution. Upon these principles, an execution must issue, and be returned, before a scire facias can issue against the endorser.
And as a reasonable endeavor should be used to compel payment of the costs from the original plaintiff, the execution ought to be sued out within a year after the rendition of the judgment for costs, and not be delayed until obtained by a scire facias on the judgment after the year.
It is therefore our opinion, on the construction of this statute, that, to charge the endorser, an execution must be sued within the year; and that it must appear from the return, that the principal has avoided, or that he is unable to pay the costs, by suffering his body to be imprisoned for not paying them. In the case before us, no execution has issued on the original judgment; therefore as well the first as the second plea in bar is good.
It may be further observed, that the declaration would >*496 ] *a!so have been adjudged bad on general demurrer, as there is no allegation therein, that the original plaintiffs have avoided, or are unable to pay the costs; one of which allegations is substantially necessary to entitle the original defendants to the writ of scire facias against the endorser.
Let judgment be entered, that it appears to the Court that the two several pleas pleaded in bar are good, and that the defendant recover his costs.