## Skillings *vs.* Boyd.

Where, in the statute of 1821, *ch.* 59, *sec.* 8, the agent or attorney of a plaintiff, indorsing a writ, is made liable to a prevailing defendant for costs in case of the avoidance or inability of the plaintiff, — *the plaintiff of record,* is intended; though he may be a *nominal* one merely.

In a suit brought in the name of A. B. for the benefit of C. D.; the writ was indorsed thus : " *C. D. by his attorney, E. F.*" On *scire facias* afterwards being brought by the original defendant against E. F. for the costs recovered in the original suit, it was held that he was not liable, not having acted as the agent or attorney of the *plaintiff on record.*

Scire Facias against the defendant as indorser of the original writ in an action brought by *Lot Davis* against the present plaintiff, *Skillings.* In that action, *Skillings* recovered judgment against *Davis* for his costs, amounting to $49,43. Execution had issued for the same, on which *Davis* had been committed, and discharged from imprisonment under the act for the relief of poor debtors. Payment of the execution had also been demanded of *Dyer,* who refused to pay it. — The original writ was indorsed thus : " This action is brought for " the benefit of *Isaac Dyer* of *Baldwin.*"

" *Isaac Dyer,* by his attorney, *Wm. Boyd.*"

At the trial before *Whitman C. J.* in the Court of Common Pleas, it appeared that the original action was founded on a

note or memorandum in writing for the payment of specific articles. It was made payable to *Lot Davis*, and by him had been assigned to *Isaac Dyer*, for whose benefit this suit had been commenced.

The defendant contended that he was not liable on this indorsement, it being *the indorsement of Isaac Dyer*, the plaintiff in interest, and not of the defendant; — Or, at all events, that he was liable only in case of the avoidance or inability of *Dyer* for whom the defendant had acted as attorney. But the *Chief Justice* in the Court below, ruled that the indorsement was sufficient to charge the defendant. Whereupon exceptions were filed, pursuant to the provisions of *statute*, and the case brought up to this Court.

*N. Emery* and *Boyd*, for the defendant, argued to the following effect: —

1. *Maine Stat. ch.* 59, *sec.* 8, requires all writs to be indorsed by the plaintiff, or his agent or attorney, and such an attorney only is made liable for costs. In this case, it is contended that, the defendant was not the agent or attorney of *Lot Davis*, the plaintiff; — but he was the agent of *Dyer*, who was the agent of *Davis*. Where one indorses a writ without adding that he does it as agent, the law will imply it. But it will not imply an agency of the defendant contrary to his express declaration on the writ. *Middlesex Turnpike v. Tufts*, 8 *Mass.* 266; *Gilbert v. Nantucket Bank*, 5 *Mass.* 97.

2. The indorsement in this case was wholly at common law, and rests on common law principles. The indorsement was not made in pursuance of the requirements of our statute. Hence, the cases of *Davis v. McArthur*, 3 *Greenl.* 27; and *Howe v. Codman*, 4 *Greenl.* 79, do not affect this case. They only decide as to the nature and extent of the liability of the attorney to the *plaintiffs in those suits.*

3. The plaintiff in this suit is now *estopped* from denying that *Dyer* was the attorney of *Davis* in the original suit, he not having pleaded in abatement to it, as a sufficient indorsement. *Strout v. Bradley*, 5 *Greenl.* 316. If *Dyer* was not the agent of the original plaintiff, then the writ was not indorsed at all.

*4.* If *Dyer* was not the *attorney*, then he was the *plaintiff*. If the latter, the defendant is not liable as his attorney, because the present plaintiff has taken no steps to show his *avoidance* or *inability*.

*Deblois* and *W. P. Fessenden*, for the plaintiff.

1. That an indorsement in the form adopted in this action is sufficient to hold the attorney, is fully established in the cases of *Middlesex Turnpike Corporation v. Tufts*, 8 *Mass.* 266; *Davis v. McArthur*, 3 *Greenl.* 27; *Howe v. Codman*, 4 *Greenl.* 79. He is not then excused, unless by the fact that he indorsed the writ as attorney to *Dyer*, and not as attorney to *Davis*.

But the writ in this case charges, that the original was sued out in the name of *Lot Davis*, *for the benefit of one Isaac Dyer, and that said writ was indorsed by the defendant, Boyd.* It was not necessary to aver that the writ was indorsed by *Boyd* as attorney to *Davis*. It is sufficient that he indorsed the writ *as attorney*, within the meaning of the statute; — and as *Dyer* could not be legally called on, *on the execution,* the defendant would lose the whole remedy the statute intended to give him, if an indorsement of this kind were not sufficient.

In *Ruggles v. Ives*, 6 *Mass.* 494, *Parsons C. J.* says, " the " indorser is considered as stipulating for the plaintiff that he " shall pay to the defendant his costs." Now here, *Boyd* was the indorser, according to the case of *Davis v. McArthur*, and he must be considered as stipulating for the plaintiff. — *Davis* was the plaintiff *against whom Skillings had any remedy on the execution* — and the defendant is bound to go no further than *to endeavour to collect his execution. Ruggles v. Ives.* He cannot certainly *avoid* this liability by indorsing as attorney to another person against whom *Skillings* had no remedy *on his execution.* The indorsement of *Dyer's* name on the writ may be considered as intended to notify the officer, and the defendant *where the property of the note was.*

If this objection could be made at all, it should come only from the original defendant, by way of objection to the in-

dorsement as insufficient, but the defendant, *Boyd,* cannot object to the liability which he has voluntarily assumed. *Strout v. Bradbury,* 5 *Greenl.* 313.

2. In this case, too, all the steps have been taken that the law requires to fix the liability of the defendant. He must be liable for the avoidance or inability of the plaintiff, — and as *Davis* was the only plaintiff against whom *Skillings* could have had any remedy on the execution, it is for his avoidance, or inability, that the defendant is liable.

*Was Davis unable to pay?* In *Ruggles v. Ives,* before cited, *Parsons C. J.* says, "If the return be that the body is " taken and committed in execution, such return is *prima fa-* " *cie* evidence of the plaintiff's inability, to be controlled only " by evidence that he has satisfied the defendant's execution." In the case at bar, *Davis* has not only been committed, but has taken the *Poor Debtor's Oath.* The execution has not been *paid,* and this, says *Parsons C. J.* is the only evidence that can control the *prima facie* evidence arising from the commitment.

The defendant has gone farther, and demanded payment of *Dyer, who refused to pay,* — this was all he could do, having no legal remedy, by which he could compel him to pay — in no other way could he show his *avoidance* or *inability.*

The opinion of the Court was delivered at a subsequent term by

MELLEN C. J. — The question whether the defendant is liable in this action, as indorser of the original writ, must depend on the construction of the 8th *section* of *ch.* 59 of the revised statutes. It declares that all original writs, before service, shall be indorsed by the *plaintiff* or *plaintiffs,* or one of them, if inhabitants of this State, or by *his* or *their* agent or attorney, being an inhabitant thereof: and it then declares that the *plaintiff's* agent or attorney who shall so indorse his name on an original writ, shall be liable in case of the avoidance or inability of the *plaintiff* to pay the defendant all such costs as he shall recover, and to pay all prison charges that may happen where the plaintiff shall not support his action. In the case of *Ruggles*

& al. v. Ives, 6 Mass. 494, giving a construction of the Act of Massachusetts, the section of which relating to the indorsement of writs, is similar to ours, above cited, Parsons C. J. says, that the defendant, who has recovered his costs, must use all reasonable diligence to obtain the money of the plaintiff; and, as proof of this, must take out execution against him and have a proper return on it. The whole section, and the above construction show, beyond all possibility of doubt, that the plaintiff on record is the plaintiff intended, whether he is the real or nominal one; for execution for the costs can issue against no other person. To subject an indorser to the statute liability, the indorsement must be such as the statute requires; for at common law, the mere indorsement of a name on the back of a writ, would create no obligation. From what we have stated, it is evident that the indorsement of the words, " This action is brought for the benefit of Isaac Dyer of Bald-" win," can make no difference as to the application of those principles by which the cause must be decided. The indorsement of the writ is in these words, . " Isaac Dyer, by his at-" torney, William Boyd." It has been argued that Mr. Boyd must be considered as the attorney of Lot Davis, the nominal plaintiff, as well as Dyer; because it was necessary to commence the action in the name of Davis. The objection to this argument is, that it is founded on an assumed fact, which expressly contradicts the language and terms of the indorsement. To adopt such a construction would be making a contract for Boyd, instead of giving a construction to the indorsement as it stands. He states that in doing what he did, he acted as the attorney of Isaac Dyer; which excludes the idea and presumption of his having acted as the attorney of any other person. Our statute subjects no agent or attorney to liability on his indorsement, except the attorney of the plaintiff on record. Boyd has not assumed to act as such, but for another person. In a note appended to the case of How v. Codman, 4 Greenl. 79, this Court particularly noticed the alteration of the common law, made by the 8th section above mentioned. It is important to state it again here. At common law, when an authorised agent does an act in the name of his principal, he thereby binds his prin-

*cipal* but not *himself.* But our statute declares that the attorney or agent, duly empowered, by indorsing the writ, thereby binds *himself :* and this Court has decided that he is equally bound, whether he signs his own name as attorney to the plaintiff, or the name of the plaintiff, by himself as his attorney. See the above case of *How v. Codman.* In the case of *Middlesex Turnpike Corporation v. Tufts,* 8 *Mass.* 266, it was decided that the simple indorsement of a man's name, without designating himself as agent or attorney, was good and binding; for the law would imply that he was *agent.* Therefore, if *Isaac Dyer* had *in person* indorsed his name on the writ, it would have bound him ; and upon the principles of the *common law,* if he employed *Mr. Boyd,* as his attorney, to indorse his name *for* him, *such* an indorsement would bind *Dyer ;* for *such* an attorneyship is not within the 8th section, which has reference only to an *attorney of the plaintiff on record,* as we have before observed. *Boyd* states that he acted as *Dyer's* attorney in making the indorsement ; and in a suit against *Dyer,* he would, without any doubt, testify the same to be true. From the facts before us, we are of opinion, for the reasons above assigned, that the present action cannot be maintained. The instruction of the Judge before whom the cause was tried, " that the indorsement aforesaid was sufficient to charge the " defendant," was, in our opinion, incorrect. The exception to this instruction is therefore sustained. The verdict is set aside, and a new trial is to be had at the bar of this Court.