LEWIS WILSON *versus* GEORGE M. CHASE.

To render the indorser of a writ liable for costs recovered, the original de- fendant must make use of reasonable diligence to collect the costs of the original plaintiff.

And to show such reasonable diligence as will charge the indorser, the in- ability or avoidance of the original plaintiff should be shown by an officer's return thereof on an execution for costs, issued within one year from the time the judgment was rendered. Parol evidence is inadmissible to supply the omission.

EXCEPTIONS from the District Court, ALLEN J. presiding.

*Scire facias* against the defendant as indorser of a writ in favor of H. P. Hoyt, described as of Calais, against Wilson, in which action the present plaintiff, and then defendant, recov- ered judgment for costs, at the September Term of the C. C. Pleas, 1835. This writ of *scire facias* was sued out Feb. 19, 1838. The defendant for one plea, by brief statement, alleged, that no execution was duly and seasonably sued out, and seas- onable and proper return thereof made of the avoidance, or inability, of Hoyt. On Sept. 30, 1835, Wilson sued out an execution against Hoyt, and afterwards in succession five other writs of execution, but no one of them was given to an officer, and of course no return was made. On June 27, 1837, the seventh execution was sued out and given to the sheriff of this county, who duly returned the same into the clerk's office, with his return thereon, dated Sept. 19, 1837, wherein he stated that the execution was delivered to him July 29, 1837 ; that he had made diligent search for the property and body of Hoyt, and could find neither within his precinct ; and that he returned the execution in no part satisfied.

The defendant then moved for a nonsuit, because the plain- tiff had himself shown a want of due diligence in obtaining

payment of the execution of Hoyt. This motion was over-ruled by the Judge.

The plaintiff offered evidence tending to show, that Hoyt had left Calais and the county of Washington, before the judgment was rendered, and could not be found until the execution was in the hands of the officer. To this the defendant objected, but the testimony was admitted.

The defendant introduced evidence tending to show that Hoyt, during the time, resided in another county within the State, and had property subject to be taken to satisfy the execution.

The defendant requested the Judge to rule, that the plaintiff had not shown evidence of legal steps taken to charge the defendant as indorser of the writ, and to instruct the jury that the plaintiff had not shown reasonable diligence to recover, the costs against Hoyt, and that the delay in putting the execution into the hands of an officer, and procuring his return of the same, absolved the defendant from his liability.

The Judge declined thus to instruct the jury, and did instruct them, that the plaintiff should use reasonable diligence to recover the costs against Hoyt, before he could have recourse to the indorser ; that if Hoyt was not in the county of Washington during the intervening period between the day of judgment and the seventh execution issued thereon, on which *non est inventus* was returned, this would be conclusive evidence of an avoidance within said county ; that if Hoyt was resident within this State, and that the plaintiff, by reasonable diligence, could have arrested him, and did not so arrest him, they should find a verdict for the defendant ; and submitted the question to the jury, whether such reasonable diligence had been used.

The verdict being for the plaintiff, the defendant filed exceptions to the rulings and instructions of the Judge.

*Chase & Fuller* argued for the defendant, that the liability of the indorser of a writ is but collateral and conditional. The plaintiff must use due diligence to determine the avoidance or inability of the principal. Due diligence must be used to con-

vert a conditional into an absolute liability. *Reid* v. *Blaney*, 2 Greenl. 128; St. 1821, c. 59, § 8.

The case, *Ruggles* v. *Ives*, 6 Mass. R. 494, settles, — 1st, That the execution must be sued out within one year from the time of judgment, to charge the indorser. 2d, That it must appear from the *officer's return*, that the principal has avoided, or is unable to pay. 3d, That reasonable diligence to collect of the principal must be used, before resort can be had to the indorser.

*Miller* v. *Washburn*, 11 Mass. R. 411, does not conflict with these principles, but merely settles, that after the indorser is fixed, the *scire facias* need not be sued out within the year.

The return should be made upon the execution so sued out within the year. Merely taking out an execution, without putting it into the hands of an officer, is not using due diligence. There can be no necessity of taking out the execution, if it is to be kept in the desk of the attorney.

And this is a question for the determination of the Court, and not for the jury. *Atwood* v. *Clark*, 2 Greenl. 249; *Ellis* v. *Paige*, 1 Pick. 43; 2 Stark. Ev. 255, and notes.

*Hobbs*, argued for the plaintiff.

By the St. 1821, c. 59, § 8, the indorser of a writ is made liable in case of the avoidance or of the inability of the plaintiff, to pay the costs. And in *Harkness* v. *Farley*, 2 Fairf. 491, it is held, that both need not concur. The plaintiff in this case claims to charge the defendant on the ground of avoidance only.

The principal question is upon the competency of the evidence by which the plaintiff undertakes to support his action.

The officer's return on the execution was sufficient for that purpose. *Ruggles* v. *Ives*, 6 Mass. R. 494; *Harkness* v. *Farley*, 2 Fairf. 491. The statute is silent as to the time of issuing or returning the execution for costs recovered, or in what manner avoidance or inability shall be proved. The return of the officer is conclusive evidence of the avoidance of Hoyt during the time to which it refers.

But if the officer's return is not enough to charge the de-
fendant as indorser, it was competent for the plaintiff, by parol
evidence, to show that Hoyt had not been within the county of
Washington between the day of the rendition of the judgment
and the time of·issuing the last execution, *Harkness* v. *Far-
ley*, 2 Fairf. 491 ; *Palister* v. *Little*, 6 Greenl. 350.

The question whether reasonable diligence had been used,
was put to the jury in a manner highly favorable to the de-
fendant, and the jury found in favor of the plaintiff. If the
plaintiff has used due diligence, the defendant is liable. *Rug-
gles* v. *Ives*, before cited.

The opinion of the Court was by

·EMERY J. — As there was no return made by any officer on
the several writs of execution, which issued in favor of the
plaintiff against Hoyt, the original plaintiff, whose writ the de-
fendant indorsed, until nearly two years after the judgment,
the defendant insists that he is thereby relieved from responsi-
bility.

It is not necessary that *avoidance* and *inability* of the prin-
cipal should *both concur*. If redress be sought properly for
either incident, and duly proved, the plaintiff will be entitled to
judgment. In *Miller* v. *Washburn*, 11 Mass. R. 411, the
Court say, " although it may be reasonable to establish a limit-
ation beyond which such liability shall not continue, it is not
for us, but for the legislature to do it. " In that case the
plaintiff recovered his judgment in May, 1807, and on the 22d
of August, 1812, issued his *scire facias*, but on execution
issued on that judgment against Alden, whose writ Washburn
indorsed, and Alden was committed to jail and afterwards
liberated on taking the poor debtor's oath. The time when he
was committed does not appear, nor what previous return had
been made on executions, nor when they issued.

Our Statute c. 59, § 8, is almost a literal transcript of the
Massachusetts provision on this subject. In *Ruggles* v. *Ives*,
6 Mass. R. 494, the solemn opinion of four justices, including
Chief Justice Parsons, was given on the construction of the

Wilson v. Chase.

Massachusetts Statute in 1810, that to charge an indorser of an original writ, an execution must be sued within the year; and that it must appear from the return that the principal has avoided, or that he is unable to pay the costs by suffering his body to be imprisoned for not paying them."

What execution can we suppose the Court contemplated as requiring a return, but one which issued within a year from the judgment? And it was held that the defendant, who recovers costs against the plaintiff, whose writ was indorsed, ought to use reasonable diligence to recover the costs of the principal, the original plaintiff, before he shall have recourse to the surety, the indorser of the writ. In *Harkness* v. *Farley*, 2 Fairf. 491, an execution had issued and been returned in three months in no part satisfied, and a second soon after issued and was returned by a constable of the town of Camden. It is distinctly stated by Parsons C. J. in delivering the opinion of the Court, in *Ruggles & al.* v. *Ives*, that as a reasonable endeavour should be used to compel payment of the costs from the original plaintiff, the execution ought to be sued out within a year after the rendition of the judgment for costs, and not be delayed until obtained by a *scire facias* on the judgment after a year.

We cannot credit that the court intended to except a sort of bye play and concealment of an execution from an officer. But that they were supposing it should be seasonably delivered to one, who should make regular return of his doings on the process seasonably issued, to show that the creditor in the execution was adopting the ordinary course to obtain satisfaction. The mere suing executions out and retaining them in the creditor's or his attorney's possession, without any other step shown by record in an officer's return toward a recovery, if pursued for a greater length of time than one year and three months, which would include the return day of the last execution issued within the year, would be as great a delay in respect of the indorser, as if the omission had been so long in *suing out any execution*. Such a course cannot be considered a reasonable endeavor.

*Wilson v. Chase.*

The rules of evidence are framed and decisions made for practical purposes in the administration of justice. And " though in the ordinary instances of suretyship and guaranty by contract, some notice of the principal's default must be given to the surety before he is sued, there is no occasion to give such notice within any particular period ; yet in certain species of contracts, as bills, notes, &c. the drawers, payees and indorsers in general, are not responsible unless notice of non-payment has been given them within certain periods, at least with great despatch, not warranting any delay on the part of the holder." And this arises from the conclusions to which Courts have arrived from a design to give to those instruments the most beneficial operation. The rights of persons *collaterally responsible* are not to be slighted, overlooked or abridged. Where should an indorser of an original writ look but at the clerk's office, by inspecting the officer's return, to learn whether any measures were adopted to collect an execution against the person whose precept he had indorsed ? If no return of an officer were made on the successive executions, what more natural conclusion could be drawn than that the creditor, for some satisfactory reason, was contented, to wait and give time without seeking to enforce the collection ? The neglect to have such return is calculated to *lull* any person collaterally holden in the manner in which the defendant is, into security.

In preparatory proceedings to charge an indorser of writs, we deem it essential that there should be the record evidence of diligence in order to establish avoidance. For the purpose of showing the avoidance only of Hoyt, is this suit brought. And in our judgment, it should appear by an officer's return on some execution issued within a year after the judgment, in order to show reasonable diligence on the part of the creditor, to recover the costs against the original plaintiff ; and that parol evidence is inadmissible to supply this omission.

When an issue has been joined upon the plea of no *capias ad satisfaciendum* against the principal, the writ and sheriff's return should be proved by an examined copy of the writ from

the record, as the best proof of which the nature of the case is capable. Petersdorff on Bail, 369.

It is unnecessary now to consider the residue of the exceptions.

*Exceptions sustained, verdict set aside, and*
*new trial granted*