CHARLES W. BOYD vs. EDWIN W. TAYLOR & another.

Middlesex.    March 11, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Ordering verdict.

In an action by a workman in a sausage factory against his employers for personal
    injuries incurred when set at work to operate a meat chopping machine of the
    defendants, where exceptions to a ruling of the presiding judge at a former
    trial, ordering a verdict for the defendants at the close of the plaintiff's evidence,
    had been sustained by a decision concurred in by a majority of this court, the
    evidence for the plaintiff at a new trial did not differ in substance from that
    presented at the former trial, and, after a disagreement of the jury, a verdict
    again was ordered for the defendants. Exceptions alleged by the plaintiff were
    sustained by this court upon the authority of the former decision.

TORT for personal injuries incurred on October 30, 1901, while
in the employ of the defendants, manufacturers of sausages doing
business in Boston under the name of Park's Sausage and Pro-
vision Company, when the plaintiff had been set at work to
operate a meat chopping machine of the defendants.    Writ
dated April 14, 1903.

In the Superior Court the case first was tried before *Bell,* J.,
who at the close of the plaintiff's evidence ordered a verdict for
the defendants.   The plaintiff alleged exceptions, which were sus-
tained by this court in a decision reported in 195 Mass. 272.

There was a new trial before *Bond,* J., at which evidence was
introduced by both parties.   The evidence for the plaintiff is
described in the opinion as not differing in substance from that
presented at the first trial.

At the close of the evidence the defendants asked the judge
to direct a verdict for the defendants.   This the judge refused
to do, and the defendants excepted.   The judge then submitted
the case to the jury under full instructions at 10.15 A. M. on
November 4, 1908.   At 9.30 A. M. on November 5, the jury re-
ported a disagreement.   Thereupon the judge directed the jury
to return a verdict for the defendants; and the plaintiff alleged
exceptions.

*J. Noble, Jr., (H. J. Coolidge & F. R. Boyd* with him,) for the plaintiff.

*P. S. Maher,* for the defendants.

RUGG, J.   This case was before us upon an exception to the direction of a verdict for the defendants as reported in 195 Mass. 272.   It was held then that there was evidence which required a submission to the jury of the due care of the plaintiff and the negligence of the defendant.   A careful comparison of the testimony upon the present record with that at its earlier presentation shows no substantial differences and that it is the same as to the fundamental points.   The defendants are not able to suggest any real distinction in the evidence at the two trials.   The fact that the former opinion was concurred in only by a majority of the court demonstrates that the questions are extremely close. But, upon the authority of the former decision, the evidence is not quite clear enough to warrant the direction of a verdict for the defendants.

*Exceptions sustained.*