### CHARLES W. BOYD *vs.* EDWIN W. TAYLOR & another.

Middlesex.   November 15, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.  *Evidence,* Competency.  *Practice, Civil,* Conduct of trial, Exceptions, Double costs.

*Boyd* v. *Taylor,* 195 Mass. 272, and 202 Mass. 213, affirmed.

At the trial of an action against the proprietor of a sausage factory by an employee therein, in which the plaintiff sought to recover for injuries alleged to have been caused by his arm being drawn into a meat chopping machine due to a failure of the defendant to warn or instruct him as to that danger, and where a material question was, whether the danger was an obvious one, it appeared that the plaintiff, several months after his injury, had returned to the factory, and there was evidence tending to show that at that time the machine was in the same place, set up in the same way and being operated for the same purpose as at the time of the injury to the plaintiff.  There was no evidence that the condition of the machine had been changed.  The plaintiff, subject to an exception by the defendant, was allowed to testify that, in looking into the machine to see the feed screw when the machine was running as it had been when he was operating it, there was not much that could be seen other than a kind of blur.  *Held,* that the evidence was relevant, material and competent.

This case previously was before this court on two occasions upon exceptions by the plaintiff to the ordering of verdicts for the defendants, and the exceptions each time were sustained.  Upon exceptions by the defendants after a verdict for the plaintiff, no new question was raised, the exceptions were adjudged frivolous and double costs from the time of the allowance of the defendant's exceptions were allowed.

TORT for personal injuries received on October 30, 1901, while in the employ of the defendants, manufacturers of sausages doing business in Boston under the name of Park's Sausage and Provision Company, and caused by the plaintiff's hand being drawn into a meat chopping machine which he was operating.   Writ dated April 14, 1903.

The case first was tried in the Superior Court before *Bell,* J., who at the close of the plaintiff's evidence ordered a verdict for

the defendants. Exceptions alleged by the plaintiff were sustained by this court in a decision reported in 195 Mass. 272.

The second trial of the case in the Superior Court was before *Hardy*, J., and resulted in a verdict for the plaintiff of $5,250, which was set aside by the judge. Exceptions by the plaintiff to the ruling setting aside the verdict were overruled by this court in a decision reported under the title, *Boyd, petitioner*, in 199 Mass. 262.

The third trial of the case in the Superior Court was before *Bond*, J., and evidence was introduced by both parties. The jury disagreeing, the presiding judge ordered a verdict for the defendants. Exceptions alleged by the plaintiff were sustained by this court in a decision reported in 202 Mass. 213.

The fourth trial in the Superior Court was before *Fox*, J. The jury found for the plaintiff in the sum of $2,700; and the defendants alleged exceptions.

*P. S. Maher & E. S. Hill*, for the defendants, submitted a brief.

*J. Noble*, for the plaintiff.

RUGG, J. This case has been here twice on its merits upon the plaintiff's exceptions to verdicts directed in the Superior Court in favor of the defendants, and the exceptions have been sustained each time. 195 Mass. 272; 202 Mass. 213. Now it comes up on the defendants' exceptions, the jury having found a verdict for the plaintiff. No new question of law is presented. The testimony in its fundamental aspects is the same now as before. In the respects in which it differs only questions of fact are presented touching the credibility of witnesses or the weight of evidence. As to these matters the verdict is final. The decisions heretofore made in the cause are decisive in favor of the right of the plaintiff to go to the jury. They have become the law of the case. On their authority all the requests for rulings presented by the defendants were properly refused.

The only points now argued not distinctly referred to in the opinion in 195 Mass. 272, are whether the plaintiff was a volunteer and whether the injury was not caused by his slipping. Plainly these are covered by inference from what is there said. The plaintiff testified that he was acting under the direction of Dunton, and that he did not slip. Although there was evidence

to the contrary, this conflict presented no question of law, but only one of fact.   If the plaintiff was believed, the verdict was warranted.

The plaintiff was allowed to testify against the exception of the defendants that when he returned to the place of his injury several months after it occurred, on looking into the machine to see the feed screw, when the machine was running as it used to be run, there was not much that could be seen other than a kind of blur.   The only ground urged in support of this exception is that there was no evidence that the machine was running under similar conditions as when he was hurt.   It was in the same place, apparently set up in the same way, being operated for the same purpose.   The conditions, in the absence of anything to show a change, might well have been found to have been nearly enough like those at the time of the injury to afford a basis for the observation made.

These exceptions appear to be frivolous, and they are overruled with double costs from the time when these exceptions were allowed.

*So ordered.*