JOHN W. O'BRIEN *vs.* POTTER CONFECTIONERY COMPANY.
PATRICK O'BRIEN *vs.* SAME.

Middlesex.    December 2, 3, 1914. — December 8, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability.

In an action by a boy, about seventeen years of age, employed in a candy factory, against his employer, for having the fingers of his left hand cut off by the knives of a peanut grinding machine at which the plaintiff was set at work without warning or instruction, where it appeared that the machine used for grinding the peanuts was a meat chopping machine exactly like the one used for making sausages that injured the plaintiff in *Boyd* v. *Taylor,* 195 Mass. 272; 202 Mass. 213; 207 Mass. 335, and where the evidence in all essential features was like that in the case cited, it was *held,* following that case, that the plaintiff was entitled to go to the jury.

TWO ACTIONS OF TORT, the first for personal injuries sustained on May 31, 1910, when the plaintiff was a little more than seventeen years of age and was employed in the defendant's candy factory at Cambridge, from having the fingers of his left hand cut off by the knives of a peanut grinding machine at which, as it was alleged, the plaintiff had been set at work without sufficient warning or instruction; and the second action by the father of the plaintiff in the first case for consequential damages arising from his injuries. Writs dated respectively August 19, 1910, and March 7, 1911.

In the Superior Court the cases were tried together before *Morton,* J. It appeared that the machine by which the plaintiff in the first case was injured, which was used in the factory for grinding peanuts, was a meat chopping machine with the words "meat chopper" upon it and was exactly similar in construction and operation to the machine used for making sausages that caused the injuries for which damages finally were recovered in *Boyd* v. *Taylor,* cited in the opinion. At the close of the evidence, which is described in the opinion as being in substance like the evidence in that case, the judge ordered a verdict for the defendant in each of the cases and reported them for determina-

tion by this court. If the ordering of the verdicts was correct, judgments were to be entered on the verdicts. If the ordering of the verdicts was incorrect, judgments were to be entered for the plaintiff in the first case in the sum of $2,750 and for the plaintiff in the second case in the sum of $250, with costs.

*J. B. Studley,* for the plaintiffs.

*E. I. Taylor,* for the defendant.

BY THE COURT. John W. O'Brien was injured while at work in grinding peanuts upon a machine which was like that described in detail in *Boyd* v. *Taylor,* 195 Mass. 272. It is not possible to make any sound distinction between that case (which was before the court also in 202 Mass. 213, and 207 Mass. 335) and the present cases. There are minor differences in the evidence in the two cases, but a careful examination of the record shows that in all essential features they are alike. It is not necessary to narrate the testimony at length. It is enough to say that upon the authority of *Boyd* v. *Taylor,* the plaintiffs were entitled to go to the jury. These cases, as well as that, are close to the line, but must be decided as a question of fact and not one of law.

In accordance with the terms of the report let the entries be

> *Judgment for John W. O'Brien in the sum of $2,750, with costs.*
>
> *Judgment for Patrick O'Brien in the sum of $250, with costs.*

---

MEMORANDUM.

On the ninth day of December, 1914, the Honorable Edward Peter Pierce, one of the Justices of the Superior Court, was appointed a Justice of this court and sat with this court at Boston on the same day.