MARY L. BIRD & another *vs.* JOHN C. JOHNSTON.

Suffolk.    February 25, 1918. — April 9, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Indorser of bill.  *Scire Facias,* For costs in suit in equity.  *Estoppel.*

Under R. L. c. 173, § 39, one who writes his name on the back of a bill in equity brought by a plaintiff not an inhabitant of this Commonwealth becomes an indorser liable for costs.

In an action of scire facias against the indorser of a bill in equity for costs ordered to be paid by the plaintiff in such suit, the defendant in scire facias is bound conclusively by the record in the suit in equity; and, where the bill that he indorsed describes the plaintiff in equity as a resident of another State, the defendant at the trial of the scire facias cannot be allowed to show that the plaintiff in the suit in equity was an inhabitant of this Commonwealth when the bill in equity was filed.

In such an action of scire facias a finding of the jury in answer to a special question of the court, that the plaintiff in the suit in equity was an inhabitant of this Commonwealth at the time of the filing of the bill, must be disregarded as of no effect.

Under R. L. c. 173, § 39, which makes the indorser of a bill in equity liable to pay

all costs which may be awarded against the plaintiff "in case of avoidance or inability of the plaintiff," a statement in the return of the officer on the execution for costs, that he "made diligent search for the goods, chattels, or lands of the within named [plaintiff in equity], the judgment debtor, but could find none within my precinct," is some evidence of such "avoidance or inability" and warrants a special finding of the jury that the plaintiff in equity was unable to pay the amount of the execution for costs.

SCIRE FACIAS against the indorser of a bill in equity for the costs awarded in the suit instituted by such bill against the present plaintiffs by one Florence J. Grant. Writ of scire facias dated February 26, 1915.

In the Superior Court the case was tried before *Hitchcock*, J.

At the trial the plaintiffs introduced in evidence the bill in equity, which was filed on July 15, 1914, and in which Florence J. Grant was described as of Freeport, in the county of Cumberland and State of Maine, and these plaintiffs were described as of Boston, Massachusetts. On the back of the bill, in the defendant's handwriting, was the following indorsement: "From the office of J. C. Johnston, 421 Tremont Building," he being an attorney at law. The plaintiffs also showed that on November 30, 1914, a final decree was entered dismissing the bill with costs amounting to $63.61. The plaintiffs also introduced in evidence the execution for the costs issued against Florence J. Grant in behalf of the plaintiffs in this action, the execution being dated December 21, 1914, and returned to court on February 24, 1915, by one Gast, who was admitted to be a duly qualified constable of Boston, and who indorsed on the execution the following return: "Suffolk, ss. Boston, February 19, 1915. By virtue of this execution, on the 31st day of December, 1914, and again on the 1st day of January, 1915, and again on the 15th day of February, 1915, I made diligent search for the goods, chattels, or lands of the within named Florence J. Grant, the judgment debtor, but could find none within my precinct; I therefore return this execution to court in no part satisfied." No demand ever was made upon Florence J. Grant for the amount of the execution.

There was evidence from which the jury could find that Florence J. Grant resided continuously in Boston from the date of the issuance of the execution until the time of her death in September, 1916; and that during all that time she was the owner of an equity in real estate in Freeport in the county of Cumberland and State

of Maine. There was evidence that this was worth $500. There was no other evidence upon the question of her financial ability to pay the execution except the officer's return in the suit of Grant against Bird et al. The plaintiffs offered in evidence a sealed envelope with a post office date stamped thereon, addressed to Florence J. Grant, 554 Columbus Avenue, Boston, alleged to contain a letter to her, bearing upon its face a statement to the effect that the letter was unclaimed and that the addressee could not be found and that the letter was returned to the writer. There was no evidence offered as to who stamped on the envelope the statement that the addressee could not be found. The defendant excepted to the admission of the envelope in evidence. The plaintiff Hopwood was allowed to testify that he wrote and sent the letter and to the contents of the letter alleged to be contained in the envelope, although he admitted that he had made a copy thereof and did not know where the copy was, but was permitted to testify that the letter inside the envelope was a demand upon Mrs. Grant for the payment of the execution. The defendant excepted to the admission of this testimony. A witness called by the plaintiffs testified that he had called at the home of Florence J. Grant at 554 Columbus Avenue and had seen one Mrs. Saulnier. Against the objection of the defendant he was allowed to testify that Mrs. Saulnier told him that Mrs. Grant was not there and that she did not know where she was. This was offered to contradict Mrs. Saulnier's testimony that at that time Mrs. Grant boarded at her house, also to show the efforts made by the plaintiffs to find Mrs. Grant. The defendant excepted to the admission of this testimony.

The defendant asked the judge to instruct the jury as follows:

"1. That, unless it appears that the plaintiff in the suit in equity brought by Florence J. Grant against Mary L. Bird and John H. Hopwood was not an inhabitant of the Commonwealth, the defendant is entitled to" [prevail.]

"2. That, unless it appears that the plaintiff in the suit in equity brought by Florence J. Grant against Mary L. Bird and John H. Hopwood was not an inhabitant of the Commonwealth at the time of the entry of said suit, the defendant is entitled to" [prevail.]

"3. That the burden is upon the plaintiffs in this action to establish by a fair preponderance of the evidence that the plaintiff

in the suit in equity of Grant against Bird and Hopwood was not an inhabitant of this Commonwealth.

"4. That the burden is upon the plaintiffs in this action to establish by a fair preponderance of the evidence that the plaintiff in the suit in equity of Grant against Bird and Hopwood was not an inhabitant of this Commonwealth at the time of the entry of said suit.

"5. That the burden is upon the plaintiffs in this action to establish by a fair preponderance of the evidence that Florence J. Grant, the plaintiff in the suit in equity of Grant against Bird and Hopwood, avoided the payment of the judgment therein or was unable to pay said judgment.

"6. An officer's return that he has made diligent search for the property of the plaintiff upon which to levy the amount of said judgment is no evidence that the plaintiff in said suit avoided the payment of the judgment against her.

"7. An officer's return that he has made diligent search for the property of the plaintiff upon which to levy the amount of said judgment is no evidence that the plaintiff in said suit avoided the payment of the judgment against her where the plaintiff was residing in the Commonwealth from before the time of the commencement of said suit until the time of her death in September, 1916.

"8. An officer's return that he has made diligent search for the property of the plaintiff upon which to levy the amount of said judgment is no evidence that the plaintiff in said suit avoided the payment of the judgment against her where the plaintiff was residing in the Commonwealth from before the time of the commencement of said suit until the time of her death in September, 1916, when the fact of her residence was known to the plaintiffs in this action.

"9. An officer's return that he has made diligent search for the property of the plaintiff upon which to levy the amount of said judgment is no evidence of the inability of the plaintiff in the suit in equity of Grant against Bird and Hopwood to pay the amount of the judgment awarded against her where the plaintiff resided in the Commonwealth from before the time of the commencement of said suit until the time of her death in September, 1916.

"10. If the jury finds that Mrs. Florence J. Grant, the plaintiff in the original suit, was an inhabitant of the Commonwealth at the

time of the entry of the bill in equity in the case of Grant against Bird and Hopwood, and continued to reside therein until the time of her death, September 8, 1916, the plaintiffs must show that they used reasonable diligence to collect the amount of their judgment for costs from her before they are entitled to recover against the defendant in this case.

"11. If the jury finds that Mrs. Florence J. Grant, the plaintiff in the original suit, was an inhabitant of the Commonwealth at the time of the entry of the bill in equity in the case of Grant against Bird and Hopwood, and continued to reside therein until the time of her death, September 8, 1916, the plaintiffs must show that they used reasonable diligence to collect the amount of their judgment for costs from her before they are entitled to recover against the defendant in this case, and the officer's return upon the execution in the case of Grant against Bird et al. is not enough to establish the fact of such reasonable diligence.

"12. If the jury finds that Mrs. Florence J. Grant, the plaintiff in the original suit, was an inhabitant of the Commonwealth at the time of the judgment against her for costs in the suit in equity of Grant against Bird et al. and continued to reside therein until the time of her death, September 8, 1916, the plaintiffs must show that they used reasonable diligence to collect the amount of their judgment for costs from her before they are entitled to recover against the defendant in this case.

"13. If the jury finds that Mrs. Florence J. Grant, the plaintiff in the original suit, was an inhabitant of the Commonwealth at the time of the judgment against her for costs in the suit in equity of Grant against Bird et al. and continued to reside therein until the time of her death, September 8, 1916, the plaintiffs must show that they used reasonable diligence to collect the amount of their judgment for costs from her before they are entitled to recover against the defendant in this case, and the officer's return upon the execution in the case of Grant against Bird et al. is not enough to establish the fact of such reasonable diligence.

"14. Upon all the evidence the plaintiffs are not entitled to recover."

The presiding judge refused all these requests for instructions and instructed the jury, among other things, that the officer's return upon the execution issued in the suit of Grant against Bird

et al. was some evidence that the plaintiff in that suit was unable to pay the amount of the execution.

The presiding judge submitted to the jury three questions, which with the answers of the jury were as follows:

"1. Was Florence J. Grant an inhabitant of the Commonwealth at the time of the filing of the bill in equity in the suit of Grant against Bird et al?" The jury answered, "Yes."

"2. Was Florence J. Grant an inhabitant of the Commonwealth during the life of the execution issued in said suit?" The jury answered, "Yes."

"3. Was Florence J. Grant unable to pay the amount of said execution?" The jury answered, "Yes."

Thereupon the judge ruled that the defendant was bound by the record in the suit of Grant against Bird and could not contradict that record and instructed the jury to find a verdict for the plaintiffs in the sum of $71.24. The defendant alleged exceptions.

R. L. c. 173, § 39, is as follows: "Original writs, writs of audita querela, writs of scire facias by private persons on judgment or recognizance, writs of error in civil cases, writs of and petitions for review, petitions for partition in the Superior Court, petitions to establish liens on buildings and land, petitions for certiorari or mandamus and bills in equity, in which the plaintiff is not an inhabitant of the Commonwealth, shall, before the entry thereof, be indorsed by a responsible person who is such inhabitant; but if one of the plaintiffs is such an inhabitant, the process need not be so indorsed. Every indorser, in case of avoidance or inability of the plaintiff, shall be liable to pay all costs which may be awarded against the plaintiff if an action therefor is commenced within one year after the original judgment."

The case was submitted on briefs.

*J. C. Johnston, pro se.*

*C. W. Cushing & J. H. Hopwood,* for the plaintiffs.

DE COURCY, J. Florence J. Grant, the plaintiff in the original bill in equity, was therein described as of Freeport in the county of Cumberland and State of Maine. By placing his name on the back of the bill the present defendant, John C. Johnston, became an indorser for costs under R. L. c. 173, § 39. *Wheeler* v. *Lynde,* 1 Allen, 402. *Johnson* v. *Sprague,* 183 Mass. 102. This writ of scire facias against the indorser is based upon the record in the

original suit, and the record in that suit is conclusive against him in this proceeding. It was not open to him to show that Florence J. Grant was an inhabitant of this Commonwealth at the time when she filed her bill in equity; and the first answer of the jury must be disregarded. This disposes of the requests for instructions numbered 1, 2, 3, 4, 10 and 11. *M'Gee* v. *Barber,* 14 Pick. 212. *Sherburne* v. *Shepard,* 142 Mass. 141. *Savage* v. *Blanchard,* 148 Mass. 348, 350.

A final decree dismissing the bill with costs was entered in the original suit. The statute made the indorser liable for the costs, as surety, "in case of avoidance or inability of the plaintiff." *Ruggles* v. *Ives,* 6 Mass. 494. The officer's return on the execution, that he "made diligent search for the goods, chattels, or lands of the within named Florence J. Grant, the judgment debtor, but could find none within my [his] precinct," was some evidence of such "avoidance or inability;" and the jury specially found that she was unable to pay the amount of the execution for costs. This renders the sixth, seventh and eighth requests immaterial; and the ninth was rightly refused. *Davis* v. *Whithead,* 1 Allen, 276. *Wixon* v. *Lapham,* 5 Allen, 206.

No exception was taken to the instructions given by the presiding judge, and it is to be assumed that the subject matter of the fifth, twelfth and thirteenth requests was dealt with properly. The liability of the indorser was established by the special finding of the jury, that the judgment debtor was unable to pay the costs, and there was no error in directing a verdict for the plaintiffs.

It is apparent from the answers of the jury that the defendant was not harmed by the evidence as to the registered letter addressed to Mrs. Grant. The evidence of statements made by Mrs. Saulnier was competent for the limited purpose for which it was admitted. It follows that the entry must be

*Exceptions overruled.*