VICTORIA ROY, administratrix, *vs.* JOHN A. PARKER.

Bristol.    October 24, 1922. — December 11, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Exceptions, Charge to jury.

An excepting party does not show harm in a legal sense unless he goes far enough to set out in the record a ruling of law which was positively wrong in a pertinent particular; it is not enough to show a ruling, the soundness or error of which depends upon other facts not set out in the record.

At the trial of an action for the causing of death through negligence in the driving of an automobile in which the decedent was riding with a son of the defendant, there was conflicting evidence upon the issue, whether the decedent was there by invitation of the defendant. To a portion of the charge to the jury in which, reviewing the evidence, the judge said, "How are you going to ascertain the fact, or what is the fact, whether . . . [the decedent] was there with the permission of the defendant or was there without that permission?" the defendant excepted, contending that under it the jury were permitted to find for the plaintiff on the ground that a presence merely permissive would warrant a verdict, and that the judge confused "permission" with "invitation." In another part of the charge, the judge stated, without exception by the defendant, "Was . . . [the decedent] there on what I have referred to, the invitation . . . or, was there no invitation? Now, as you find that fact, then you apply negligence or gross negligence." The bill of exceptions did not contain the entire charge. It did not appear that the quoted passages were all that the charge contained on the subjects therein referred to, nor that the words, "on what I have referred to, the invitation," referred to the instruction excepted to by the defendant. *Held,* that

(1) For aught that appeared, the jury were properly instructed as to the difference between mere permission or license and invitation;

(2) The defendant had not shown harmful error.

TORT by the administratrix of the estate of Ernest Roy for the causing of his death when an automobile of the defendant, driven by his son, was overturned by reason of negligence of the driver on October 7, 1918. Writ dated December 17, 1918.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence, portions of the charge to the jury and the only exceptions relied on by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*H. S. R. Buffinton,* for the defendant.

*D. R. Radovsky,* for the plaintiff.

JENNEY, J. Ernest Roy, a boy of fifteen, while riding in an automobile of the defendant, received an injury resulting in his death without conscious suffering. This action was brought by his administratrix. The automobile, operated by one of the defendant's sons, aged seventeen and named Oscar, was being used in his business. The deceased was not in the employ of the defendant. There was a verdict for the plaintiff, and the only exception on which the defendant relies is to the part of the instructions to the jury which relates to the presence of the deceased boy in the automobile.

The evidence as to this was conflicting. The plaintiff, who was the boy's mother, testified that she had seen him riding in the automobile with the defendant on a Saturday before the accident, and that after it had occurred the defendant came to her house and among other things said: "when . . . [her] boy was going with his boy, he thought his boy was safe because he (Ernest) was a careful boy and he was a quiet boy; that he thought his boys were safe when . . . [her] boy went with his boys." According to another witness what the defendant stated was: "he always wanted Mrs. Roy's boy to go with his son Oscar because he could depend more on Mrs: Roy's boy than on his own. He always wanted his boy to have Mrs. Roy's boy with him." A third person testified that the defendant on the same occasion said: "I am very sorry to witness what has happened to your boy. I would rather have two of my own instead because I depended on your son to be on my machine. When he was on my machine my own were in safety." This was contradicted by the defendant and by witnesses called in his behalf. The defendant denied that he knew the deceased was going in the automobile and said that he had directed his son not to take any boys with him. In substance this was all the evidence as to the circumstances in which the deceased boy was riding in the automobile.

The judge, subject to the defendant's exception, instructed the jury as follows: "Now, how are you going to ascertain the fact, or what is the fact, whether Ernest was there with the permission of the defendant or was there without that permis-

sion?  Think back to the evidence given by Mrs. Roy and those who were with her in her house that night.  Compare that with the testimony of John Parker and his wife and son as to what took place there that night.  When did the Roys first speak of this to anyone?  Is it, as is suggested by counsel for the defendant, an eleventh hour invention to carry the case to the jury on the first count, or is it the truth what Parker says took place there that night?  Now, I can't help you on that, except to say to you to use your own common sense.  You have seen these people; you can judge by their appearance whether the words of one side or the other ring true.  You will, of course, consider the testimony of Mrs. Roy that she saw her son Ernest driving with John Parker on some previous Saturday afternoon."

All other exceptions are waived.  It is not contended that the evidence did not warrant a finding that the deceased was riding with the "permission" of the defendant.  No question is made as to the presence of evidence sufficient to warrant submission of the case to the jury.  This is not considered.  But it is urged that there was error because, it is said, under this instruction the jury were permitted to find for the plaintiff on the ground that a presence merely permissive would warrant a verdict.  In this connection the defendant does not contend that the issue whether the deceased was riding by mere license rather than by invitation could not properly have been made the subject of an instruction; his objection is on the ground that the judge wrongfully confused "permission" with "invitation" and permitted a verdict in case only the former was found.

As to the latter the judge said: "Was Ernest Roy there on what I have referred to, the invitation — Of course, there is no evidence in the case that John Parker said, 'Ernest, I want you to ride in this automobile this morning,' but you can infer, of course, from all the evidence, if you believe the plaintiff's story, that there was what amounted to an invitation, — or, was there no invitation?  Now, as you find that fact, then you apply negligence or gross negligence."  To this no exception was taken and it is not argued that the instruction was erroneous.  The entire charge is not given, neither does the record disclose whether the quoted passages are all that it contained on the subjects referred to therein.  The only part of the charge given which

on the record directly relates to liability has been quoted and is entirely based upon the doctrine of invitation. It does not appear that the words "on what I have referred to, the invitation" refer to the instructions as to what would constitute permission. For aught that appears, the jury were properly instructed as to the difference between mere permission or license and invitation. "A party does not show harm in a legal sense unless he goes far enough to set out a ruling of law which was positively wrong in a pertinent particular. It is not enough to show a ruling, the soundness or error of which depends upon other facts not set out in the record." *Posell* v. *Herscovitz,* 237 Mass. 513, 516, 517. *Farnum* v. *Ramsey,* 231 Mass. 286.

*Exceptions overruled.*