JOHN M. JORDAN *vs.* JACINTHO V. VELOZO.

Bristol. October 23, 1928. — January 30, 1929.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Employer's liability: failure to warn. *Accord and Satisfaction. Release.*

At the trial of an action by an employee in a sausage factory against his employer, who was not a subscriber under the workmen's compensation act, for personal injuries received when his hand was caught in a sausage machine, there was evidence that, previous to the accident, the plaintiff had worked on the machine once, that at no time had its "make up" been explained to him, nor the danger, due to its swiftly revolving knives, of pushing meat into it with his hand, and that he did not realize that danger. *Held,* that the evidence warranted a verdict for the plaintiff.

In an action which was before this court upon bills of exceptions by both parties after a verdict had been entered for the defendant in accordance with leave reserved under G. L. c. 231, § 120, before the recording of a verdict for the plaintiff, this court sustained the exceptions of the plaintiff. *Held,* that it became necessary also to consider the exceptions of the defendant. ·

At the trial of an action of tort for personal injuries, there was evidence that, months after the injury, the defendant had offered to give to the plaintiff a business established by the defendant in return for a release of all claim for damages arising from his accident; that the plaintiff accepted the offer, received the business and carried it on, but never gave any release in writing; that, later, negotiations for exchange of a bill of sale and a release had been undertaken but had fallen through. The judge failed to give an instruction, in substance asked for by the defendant, with regard to accord and satisfaction. *Held,* that

(1) If the jury found a transfer of the business by the defendant and its acceptance by the plaintiff in lieu of any claim for damages, such transfer would constitute an accord and satisfaction which, as matter of law, would put an end to liability;

(2) Although the evidence did not require a finding that an accord was made and satisfaction given, it was sufficient to sustain such findings if made by the jury;

(3) The defendant was prejudiced by the failure to instruct with regard to accord and satisfaction.

TORT for personal injuries suffered by the plaintiff when his hand was caught in a sausage machine while he was employed in a factory of the defendant, who was not a subscriber under the workmen's compensation act. Writ dated January 17, 1922.

In the Superior Court, the action was tried before *Walsh,* J. There was evidence that the accident happened to the plaintiff when he was set at work on the machine the second time; that on neither occasion when he worked on it was its "make up" explained to him, nor the danger from the swiftly revolving knives on the worm, nor was any warning given to him of the danger of pushing the meat into the machine with his hand; that from his observation of the machine he did not realize that danger; that when he was pushing the meat in with his hand, his fingers were caught on the knives and he lost his right hand and part of his right wrist.

Other evidence, and exceptions by the defendant to refusal by the judge to give rulings requested by him, are stated in the opinion. A verdict for the plaintiff in the sum of $5,600 was received, and, after leave had been reserved

under G. L. c. 231, § 120, was recorded. Later, the judge entered a verdict for the defendant. Both parties alleged exceptions.

*H. S. R. Buffinton*, (*R. A. Bogle* with him,) for the plaintiff.

*D. R. Radovsky*, (*H. W. Radovsky* with him,) for the defendant.

WAIT, J. Under leave reserved pursuant to G. L. c. 231, § 120, the trial judge, after a verdict for the plaintiff, ordered a verdict to be entered for the defendant. The plaintiff's exception to this order must be sustained. We are unable to distinguish the case on this point from the decision in *Boyd v. Taylor*, 195 Mass. 272, which we regard as controlling. It was there held, on evidence substantially the same as that in the case before us, that a jury would be justified in finding the employer negligent in failing to warn the employee of dangers attending the operation of the sausage machine. A different verdict might well have been anticipated from the jury; but we cannot say, in view of the case cited, that its finding was erroneous in law.

The defendant has also presented a bill of exceptions which, since the plaintiff's exceptions are sustained, must be considered.

He contends that there was error in the refusal to instruct the jury in accord with his requests for instruction numbered 5, 6, 8, 9, 12, 13 and 14. The subject matter of all, except request 14, was dealt with in the charge, and, in substance, these requests were given. The judge was asked by request 14 to instruct the jury that, "Even if the plaintiff had a valid claim against the defendant resulting from this accident, if there was an oral understanding between the plaintiff and the defendant that the plaintiff should make no claim against the defendant in return for the business which the defendant gave him, then the jury should find for the defendant." The judge was justified in refusing to give this instruction in the form requested; but in some form the defendant was entitled to have the jury pass upon the truth of his contention that an accord and satisfaction had taken place which defeated any right of recovery.

There was evidence that, months after the injury, the de-

fendant had offered to give to the plaintiff a business estab-
lished by the defendant in Providence, Rhode Island, in re-
turn for a release of all claim for damages arising from this
accident; that the plaintiff accepted the offer, received the
business, and carried it on, but never gave any release in
writing.    At a later time negotiations for exchange of a bill
of sale and a release had been undertaken but had fallen
through.    The judge charged, correctly, that here was no
written release and that talk about a release was not to be
taken as any admission of liability on the part of the de-
fendant; but also said, ''Well, I instruct you . . . that if the
plaintiff is entitled to recover, the arrangements or negotia-
tions entered into between Mr. Jordan and Mr. Velozo and
the transactions which took place did not as a matter of law
operate as an absolute release of Mr. Velozo from any lia-
bility, if any exists or you find any exists . . . .''    The jury
might well fail to understand that, whether or not a written
release was given or agreed to be given, the transfer of the
business and its acceptance in lieu of any claim for damages
would constitute an accord and satisfaction which, as matter
of law, would put an end to liability.    *Vaughn* v. *Robbins*,
254 Mass. 35.    Although the evidence did not require finding
that an accord was made and satisfaction given, we think that
it was sufficient to sustain such findings if made by the jury;
and, therefore, that the defendant was prejudiced by the
failure to instruct with regard to accord and satisfaction.
His exception is sustained.    It follows that a new trial must
be had, and order be made:

*Plaintiff's exceptions sustained.*
*Defendant's exception sustained.*