JOHN M. JORDAN *vs.* JACINTHO V. VELOZO.

Bristol.    October 29, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Employer's liability: duty to warn.  *Evidence,* Competency, Experiment.  *Practice, Civil,* Requests, rulings and instructions, Charge to jury, Exceptions.

At the trial of an action by an employee in a sausage factory against his employer, who was not a subscriber under the workmen's compensation act, for personal injuries received when his hand was caught in a sausage machine, there was evidence that, previous to the accident, the plaintiff had worked on the machine once, that at no time had its "make up" been explained to him, nor the danger, due to its swiftly revolving knives, of pulling out, with his hand, a piece of meat or something like a cord or bone, he having been directed to let no bones or cords go through the machine; and that he did not realize that danger.  *Held,* that the evidence warranted a verdict for the plaintiff.

Exceptions to the refusal by a trial judge to give rulings requested of him by the excepting party will not be sustained where the record does not contain a statement that the entire charge to the jury on the subject matter of the requests is set out; in such circumstances it is assumed that the charge dealt correctly with the subject matter of the requests.

The determination of the question, whether a witness at the trial above described should be permitted to "hook up" and operate in the court room a sausage machine similar to the machine by which the plaintiff was injured, but of less horse power and so constructed that the revolving worm therein which carried the meat to the knives moved faster, in order to show that the worm when revolving rapidly did not look like a "straight piece," as the plaintiff had testified, was for the trial judge in his discretion, and an exception to his refusal to grant such permission was overruled.

TORT for personal injuries suffered by the plaintiff when his hand was caught in a sausage machine while he was employed in a factory of the defendant, who was not a subscriber under the workmen's compensation act.  Writ dated January 17, 1922.

The action first was tried in the Superior Court before *Walsh,* J., who, after the recording of a verdict for the plaintiff in the sum of $5,600 with leave reserved under G. L.

c. 231, § 120, ordered the entry of a verdict for the defendant. Exceptions were sustained as reported in 266 Mass. 76.

The action again was tried before *Collins*, J. Material evidence at such trial is described in the opinion.

The defendant requested the following rulings:

"1. Upon all the evidence, the jury should find for the defendant.

"2. Upon all the evidence, the jury should find that the defendant was not negligent.

"3. The plaintiff has failed to prove that the defendant was negligent.

"4. There is no evidence that the defendant was negligent.

"5. The defendant was under no obligation to change the condition of his machinery which existed at the time the plaintiff entered into his employ.

"6. The plaintiff, by his entry into the employ of the defendant, accepted the risks attending the conditions existing upon the employer's premises and involved in the operation of the machinery then being used if the condition of the machinery was obvious to a man of common understanding and observation and could be seen on reasonable inspection.

"7. There was no duty on the part of the defendant to warn the plaintiff that it was dangerous to put his hand into the hopper far enough to come in contact with the worm inside the hopper. The danger of putting his hand in the hopper to take out a cord with the hand was obvious to a man of common understanding and observation and could have been seen on reasonable inspection.

"8. If the jury should find that the danger of putting his hand in the hopper far enough to have it caught in the worm was obvious to a man of common understanding and observation or could have been seen on reasonable inspection, then the jury should find for the defendant.

"9. If the jury should find that the plaintiff, by reasonable inspection, could have seen by the exercise of due care, that it was dangerous to push his hand into the hopper two thirds of the way down then the jury should find for the defendant.

"10. If the jury should find that the plaintiff, Jordan, had worked upon this meat chopper several times before the accident and knew that anything that went into the hopper was crushed and cut, then the jury should find for the defendant.

"11. If the jury should find that the plaintiff before the accident knew that there was something in the chopper which was crushing and cutting the meat and that the plaintiff knew that anything coming in contact with the same thing would be crushed and cut, then the jury should find in favor of the defendant.

"12. It was the duty of the plaintiff to make reasonable inspection of the machine at which he went to work, and if reasonable inspection would have disclosed to him that it was dangerous to put his hand in the hopper two thirds down, then the jury should find for the defendant."

"17. Even if the danger of putting his hand into the hopper two thirds of the way down for the purpose of pulling out a cord or anything else that might have been there was not obvious to the plaintiff but was obvious to a man of common understanding and observation then the defendant was under no duty to warn him of such a danger and if the accident happened in that manner the plaintiff is not entitled to recover."

· The foregoing requests were refused.

The plaintiff requested the following ruling:

"8. If an employer, knowing the peril to which a person employed in running machinery is exposed and does not give him sufficient or reasonable instruction or warning and the servant through inexperience fails to perceive or understand the risk and is injured the employer is responsible."

This request the court granted, using the following language:

"If the plaintiff did not know the danger was there, but upon reasonable inspection, a man of common understanding and observation could have seen the danger, and if you come to that conclusion, Gentlemen, the plaintiff cannot recover. 'If an employer, knowing the peril to which a

person employed in the running of machinery is exposed, does not give him sufficient or reasonable instructions, or warning, and the servant through inexperience fails to perceive or understand the risk and is injured, you may find the employer liable.'"

The defendant excepted to the use of the language contained in the plaintiff's request.

The charge to the jury was neither quoted nor described in the record in any particular, except as above stated as to the plaintiff's request.

The jury found for the plaintiff in the sum of $7,500. The defendant alleged exceptions.

*D. R. Radovsky,* (*I. H. Simon* with him,) for the defendant.

*R. A. Bogle,* (*H. S. R. Buffinton* with him,) for the plaintiff.

FIELD, J.   This is an action of tort to recover for personal injuries — the loss of the plaintiff's right hand — received while he was in the employ of the defendant. The defendant was engaged in the business of manufacturing sausages. He carried no compensation insurance. The case was tried by a judge and a jury. There was a verdict for the plaintiff. The defendant's written motion for a directed verdict and his requests for rulings were denied. To these denials, to the granting of one of the plaintiff's requests for rulings, and to the exclusion of certain evidence, the defendant excepted.

This was the second trial of the case. At the former trial a verdict for the defendant was directed. This was held to be error in *Jordan* v. *Velozo,* 266 Mass. 76, on the ground that the jury would have been "justified in finding the employer negligent in failing to warn the employee of dangers attending the operation of the sausage machine." However, there was a difference in the evidence at the two trials as to the circumstances under which the plaintiff put his hand into the machine, upon which the defendant relies. At the former trial the plaintiff testified that he was pressing meat into the funnel of the machine. At this trial he testified that he was trying to pull out a piece of meat (or something) like a cord or bone, as he had been

told to let no bones or cords go through the machine. We see no sufficient reason for distinguishing the case now made by the evidence from the case considered previously. See also *Boyd* v. *Taylor,* 195 Mass. 272; *S. C.* 202 Mass. 213; *S. C.* 207 Mass. 335; *O'Brien* v. *Potter Confectionery Co.* 219 Mass. 426.

No error appears in the refusal of the defendant's requests for rulings. Some of them, the first, second, third, fourth and seventh, fall necessarily with the motion for a directed verdict. As there is no statement in the bill of exceptions that it contains all parts of the charge relating to the subject matter referred to in the defendant's other requests for rulings, it is to be assumed that the charge dealt correctly with that subject matter. For a like reason the defendant cannot be heard to complain that the instruction given upon the request of the plaintiff, which is set out in the bill of exceptions, was inadequate or was not limited properly. *Bird* v. *Johnston,* 230 Mass. 28, 34. *Roy* v. *Parker,* 243 Mass. 292, 294, 295. *Barnes* v. *Springfield,* 268 Mass. 497, 504.

It was not error to refuse to permit a witness for the defendant to "hook up" and operate in the court room a sausage machine similar to the machine by which the plaintiff was injured, but of less horse power and so constructed that the revolving worm therein which carried the meat to the knives moved faster, in order to show that the worm when revolving rapidly did not look like a "straight piece," as the plaintiff testified. The admission or exclusion of such an experiment "was primarily for the trial judge to determine as a matter of discretion," and his "decision . . . will not be interfered with unless plainly wrong." *Field* v. *Gowdy,* 199 Mass. 568, 574. See also *Everson* v. *Casualty Co. of America,* 208 Mass. 214, 218–221; *McCarthy* v. *Curry,* 240 Mass. 442; *Pepper* v. *Old Colony Trust Co.* 252 Mass. 532. The exclusion in this case was not plainly wrong.

*Exceptions overruled.*