VINCENT E. BARNES *vs.* GEORGE W. LOOMIS.*

Hampden.    September 22, 1908. — October 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions, New Trial.

A bill of exceptions, which sets forth exceptions taken at a trial to rulings of the presiding judge as to the admission and exclusion of evidence, must include all the facts which are necessary to enable this court to decide whether or not the rulings of which the excepting party complains are erroneous.

---

* At the trial of this case in the Superior Court, the plaintiff, who was not a lawyer nor one trained in the conduct of trials, acted for himself. He also prepared the bill of exceptions and argued them on his own behalf. The

An exception to a ruling of the judge who presided at a trial, denying a motion for a new trial based on the grounds that the verdict was against the evidence and the weight of evidence, and that the excepting party after the verdict had discovered new evidence, will not be sustained where it appears that there was evidence which warranted the verdict, and where the reasons of the judge for denying the motion are not shown, especially where it appears that the evidence alleged to be newly discovered was cumulative only.

CONTRACT upon an account annexed for the price of one hundred and ten railroad sleepers alleged to have been sold and delivered to the defendant by the plaintiff. Writ in the Superior Court for the county of Hampden dated November 15, 1905.

The defendant filed a declaration in set-off containing the following account:

"1904

| | | | |
|---|---|---|---|
| April 4 | To cash paid Eastman & Maxwell, for cutting logs on Stowe lot, | $205.26 | |
| Nov. 29 | To cash paid to Smith & Hunter, for drawing logs on Stowe, | 307.76 | |
| | To costs and expenses incurred at the plaintiff's request, | 70.04 | |
| | Total, | | $583.06 |

| | | | |
|---|---|---|---|
| 1901 | Credits. | | |
| Dec. 5 | By check for labor on Stowe lot, | $189.64 | |
| 1902 | | | |
| Dec. 17 | By cash for labor on Stowe lot, | 5.27 | |
| Dec. 19 | By cash for labor on Stowe lot, | 29.03 | |
| | Total, | | $223.94 |
| | Balance due, | | $359.12 " |

There was a trial before *Hitchcock*, J. There was evidence that the defendant admitted that he owed the plaintiff the

bill of exceptions is so meagre that it is impossible to find in it sufficient data to make a report of the case which would be intelligible. As to the exceptions to the admission and exclusion of evidence, it contains merely isolated groups of questions and answers, apparently in no way related, and with nothing to explain various allusions and references therein. The reporter, therefore, as did the court, has resorted to a transcript of the evidence which the plaintiff filed with his bill, and, although such transcript is in no sense a part of the record from which the report should be made, has used it for that purpose.

amount claimed in the declaration. The presiding judge ruled, without exception by the defendant, that there was no evidence tending to prove the first two items charged against the plaintiff in the declaration in set-off. As to the third item of charge, the defendant introduced evidence tending to show that, the defendant having been threatened with a suit by Eastman and Maxwell and having conferred with the plaintiff about it, the latter had said to the defendant, " Let them sue. I will back you up in it," and, after such suit was brought, had gone with the defendant to the latter's attorney, had helped to prepare the defense, and at his own expense had brought witnesses and his sawyer with him to help the defense of the suit.

There was a verdict for the defendant in set-off, and the plaintiff excepted.

The grounds for the motion for a new trial, referred to in the opinion, were as follows : (1) That the verdict was against the evidence and the weight of evidence ; (2) " that since verdict was rendered new and important evidence has been discovered by the plaintiff, to wit: That Arthur S. Kneil, of Westfield, who was the attorney of this defendant, George W. Loomis, in the suit of Eastman and Maxwell against said Loomis, asked this plaintiff, at the request of the said Loomis, if this plaintiff would pay the expenses of the said Loomis in defending himself in said suit of Eastman and Maxwell *v.* Loomis, and this plaintiff answered that he would not." The motion was denied, and the plaintiff appealed.

Other facts are stated in the opinion.

*V. E. Barnes, pro se.*

*R. J. Morrissey,* for the defendant, filed no brief and did not argue.

MORTON, J. This is an action of contract to recover of the defendant the value of one hundred and ten sleepers or ties at fifty-two cents each, amounting to fifty-seven dollars and twenty cents. The answer was a general denial and payment. The defendant also filed a declaration in set-off. At the trial the defendant relied upon his plea of payment and the declaration in set-off which was upon an account annexed, the first two items of which were for cash paid for cutting and drawing logs on the " Stowe lot," and the third for " costs and ex-

penses incurred at the plaintiff's request." The remaining items consisted of credits for cash received from the plaintiff for labor on the " Stowe lot." At the close of the evidence the presiding judge, at the plaintiff's request, ruled that the defendant was not entitled to recover upon the first two items in the declaration in set-off, but refused to rule as requested by the plaintiff that the defendant was not entitled to recover upon the third item. The jury found for the defendant on this item in the sum of $14.28, and the case is here on exceptions by the plaintiff to the refusal of the presiding judge to make various rulings which were requested and to various rulings which were made in regard to the admission and exclusion of evidence, and to the overruling of his motion for a new trial.

The bill of exceptions nowhere states either in so many words, or in substance and effect, that it contains all of the evidence relating to the various questions raised. The plaintiff may have intended to frame his bill so as to include all such evidence and may have supposed that he had done so; but, as already observed, it is nowhere so stated in the bill. From the bill of exceptions we have no means of knowing whether the various excerpts of evidence which it contains do or do not set out all of the evidence bearing upon the matters to which they respectively relate. The plaintiff is the excepting party, and as such is bound to see that the bill of exceptions includes all that is necessary to enable us to decide whether the rulings, of which he complains, were or were not erroneous. If all of the evidence in regard to any of the questions raised is not before us, it is manifest that we cannot say whether the rulings of which he complains in relation to such matters were right or wrong. The plaintiff has, however, furnished us with what purports to be a certified transcript by the official stenographer of the evidence and of the judge's charge; and, although it is not made a part of the bill of exceptions, and is nowhere referred to in the bill in any way, we have nevertheless looked into it and considered it in arriving at the conclusions to which we have come. The fact that we have done so in this case is not to be taken, however, as a precedent for similar action in other cases.*

The exceptions taken and argued by the plaintiff number

---

* See footnote on page 578.

eighteen in all.  Six of them relate to questions and evidence which were admitted against his objection during his cross-examination.  One of these questions, " What did you look up the pleadings for the other day?", referring to another case, was admissible on cross-examination as the presiding judge ruled, and at any rate it did the plaintiff no harm.*  The question " Was anything said about paying for them?" (the sleepers or ties) was plainly competent.  It related to the very demand on which the plaintiff's suit was based.  Another of the questions related to the item of costs and expenses in the declaration in set-off, and was admissible for that reason.  The promise relied on by the defendant was an original undertaking by the plaintiff and not a promise·on his part to pay the debt of another.  The item was properly included in the declaration in set-off.  The other questions and evidence admitted during the plaintiff's cross-examination subject to his exception were admissible as bearing upon the first two items in the declaration in set-off, though subsequently rendered almost if not wholly immaterial by the ruling in the plaintiff's favor upon those items.

Some of the remaining exceptions relate to the admission and exclusion of other evidence.  The question, "The case in Westfield was decided in your favor, wasn't it?", put to the defendant on cross-examination, related to matter that was wholly immaterial and was rightly excluded.  The testimony as to the loss of the book was rightly admitted as tending to contradict the plaintiff and affect his credibility.  The testimony in regard to the number of logs and amount of lumber cut on the "Stowe lot" bore directly on the first two items in the declaration in set-off, though, as already observed in regard to other evidence, rendered immaterial by the subsequent ruling in the plaintiff's favor.

The items of cash credited to the plaintiff in the declaration in set-off were expressly credited to him on account of what was alleged to be due from him to the defendant under the first two

---

* It appears from the transcript of the testimony, but not in the bill of exceptions, that the pleadings here referred to were those in the suit of Eastman and Maxwell against the defendant.  The question and answer just preceding this one were: " Q.  Now, when Maxwell and Eastman brought a suit against Loomis, do you remember when that was?"  A.  "I think I looked up the pleadings the other day. . . ."

items for labor on the "Stowe lot," and the testimony showed that the amounts thus credited were so paid by the plaintiff to the defendant. There was nothing to show that the plaintiff had overpaid the defendant or that there was any mistake on the plaintiff's part, and consequently there was nothing to show that the plaintiff was entitled to have any part of the cash so paid credited to or allowed him on the item for costs and expenses.

Even if we assume in the plaintiff's favor but without so deciding that his exception to the overruling of his motion for a new trial raises a question of law and that the overruling of the motion was not an exercise by the judge of his discretion, no error is shown. There was clearly evidence warranting the verdict, and, for aught that appears, the judge may not have been satisfied that the plaintiff had exercised due diligence in regard to the alleged matter of newly discovered evidence. Moreover the evidence was cumulative. Nothing appears to show that the court wrongly exercised its discretion, if the matter was one of discretion.

*Exceptions overruled.*