VINCENZO ALTAVILLA *vs.* OLD COLONY STREET RAILWAY COMPANY.

Norfolk.    November 9, 1915. — January 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, & CARROLL, JJ.

*Practice Civil,* Exceptions.  *Negligence,* Street railway, Toward deaf mute.

No exception lies to the refusal of a presiding judge to adopt the language of a request for a ruling framed in an argumentative form and emphasizing facts selected in the interest of the requesting party.

No exception lies to the refusal to make a ruling which the judge afterwards gives in substance as an instruction to the jury.

In an action against a street railway corporation for injuries to a deaf and dumb boy four years and four months of age caused by running over one of his feet with a car of the defendant, in which it was conceded that the boy was incapable of exercising care in his own behalf and that his mother was not lacking in due care in her attendance upon him, the refusal of the presiding judge to give certain rulings requested by the plaintiff in regard to the care of the plaintiff and of his mother is immaterial and will not support an exception; and it does not matter that the defendant's concession was made after the refusal of the rulings.

In an action by a deaf mute four years and four months of age against a street railway corporation for injuries caused by having one of his feet run over by a car of the defendant, evidence that the motorman operating the car failed to sound the gong, although it might be evidence of negligence or constitute negligence in an action for injuries to a person of normal hearing, is immaterial, because such negligence toward other persons could not have contributed to the injury to the plaintiff, who could not have heard the gong if it had been sounded.

An exception to an instruction of a presiding judge to a jury cannot be sustained where the correctness of the instruction cannot be tested by reason of the absence of "all the evidence" on which it was based.

TORT for personal injuries sustained by the plaintiff, a deaf and dumb boy, when four years and four months of age from hav-

ing one of his feet crushed by the forward left wheel of a single truck, closed car of the defendant at about one o'clock in the afternoon of October 12, 1909, on Milton Street in the part of the town of Dedham called East Dedham. Writ dated January 24, 1910.

In the Superior Court the case was tried before *Crosby,* J. The defendant introduced evidence tending to show that the car was moving at a moderate rate of speed, that the gong was ringing, that the child came out of a gateway and that the motorman made a very quick stop. The plaintiff admitted that the child was deaf and dumb.

At the close of the evidence the plaintiff asked the judge to make the following rulings:

"6. While it may not be negligence to operate an electric car at an average of ten or twelve miles an hour upon the route over which this car travelled, the question of the speed of the car as it was approaching the place where the accident happened may be material in determining whether the motorman was negligent in failing to prevent his car from running down the plaintiff. All the circumstances of the situation must be taken into account, the distance between the tracks and the part of the street used for walking, the proximity of the door of the store to the street, the time of the day and the possibility of persons, adults or children, coming out of the store as the car was passing the door. If you find that under all the circumstances the speed whether twelve miles an hour or only eight miles an hour was excessive and dangerous and that the plaintiff was injured in consequence, then negligence on the part of the defendant is established.

"7. If you find that the motorman did not ring his gong while approaching the store, and that due care and caution to avoid accidents required him thus to give warning of the approach of his car at the particular place and time and that this contributed to cause the accident, then negligence on the part of the defendant is established.

"8. It was the duty of the motorman in running his car on a public street past a store with a door in close proximity to the track to be on the lookout for persons who might come out of the store and cross the street and to avoid the danger of running his car against or upon such a person, and if he neglected to take

proper precautions to avoid such an accident and the plaintiff was injured by reason of such want of precaution on the part of the motorman, then negligence on the part of the defendant would be established.

"9. If the motorman operating his car suffered his attention to be distracted from his duties by the presence of the other motorman in the vestibule with him and such distraction of his attention from his duties caused him to fail to see the plaintiff until it was too late to avoid the accident, then the negligence of the defendant is established.

"10. If the mother was in charge of the child, and the conduct of some person other than the mother caused the child, without authority from the mother and without her fault, to run out upon the street, the conduct of such third party would not relieve the defendant of responsibility for any negligence on its part contributing to the accident. In such a state of affairs, if the child exercised such capacity as it had to avoid danger, no contributory negligence could be imputed to the child and on proof of any negligence on the part of the motorman contributing to the accident the defendant would be liable for all the damages sustained."

At the conclusion of the charge, the defendant conceded that the boy was incapable of exercising care on his own behalf and that the mother was not lacking in due care in her attendance upon him.

The judge refused to make the above rulings requested by the plaintiff except so far as they were embodied in his charge. He gave as instructions to the jury the following rulings, which had been requested by the defendant:

"3. Upon all the evidence in this case, if you find that the plaintiff crossed the track in front of this car to a point of safety and then suddenly turned and ran into the side of the fender and was hurt, the plaintiff is not entitled to recover."

"5. If you find that the plaintiff was so deaf as to be unable to hear the gong of an approaching car, it is immaterial in this case whether or not the gong was rung, and the failure to ring the gong, if you find that it was not rung, is no evidence of negligence."

Other portions of the charge are described and quoted in the opinion. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. J. Irwin,* for the plaintiff.

*Asa P. French & R. Brackett,* for the defendant.

DE COURCY, J.   The plaintiff, a deaf and dumb child four years and four months old, was injured by having one of his feet crushed by the forward left wheel of a single truck, closed car of the defendant.   At the conclusion of the charge it was conceded that the boy was incapable of exercising care on his own behalf, and that his mother was not lacking in due care in her attendance upon him.   The jury returned a verdict for the defendant.   The case is here on the plaintiff's exceptions to the judge's refusal to give his sixth, seventh, eighth, ninth and tenth requests for instructions, and to the giving of the defendant's third and fifth requests.

1. The sixth request related to the speed of the car.   The plaintiff was not entitled to have the court adopt his language, framed in argumentative form, and emphasizing selected facts in his interest.   The subject was fully and fairly covered by the charge, the judge saying: "It is for you to determine upon the evidence whether or not the car was or was not going at a reasonable rate of speed under all the circumstances in view of the place on the street, character of the place and everything else proper to be considered.   Was the motorman traveling and running his car at a reasonable and proper rate of speed under the circumstances?"   Later he said: "If you find that the motorman was running his car at an excessive and dangerous rate of speed, carelessly and negligently, and ran over this boy, he being in the exercise of due care, then the defendant company is responsible in damages for any injuries which he sustained."   And finally: "In passing upon the question whether the motorman was in the exercise of reasonable care, you will take into account all the circumstances as disclosed by the evidence, including the time and place of the accident, the speed of the car, and all the evidence in the case."   No error is shown in the refusal to give the instructions requested.

2. The same is true of the eighth request, which emphasizes the motorman's duty to be on the lookout for certain persons cross- . ing the street.   The charge not only fully covered the issue of the motorman's negligence in general terms, but specifically called attention to this phase of the case when the judge instructed

the jury as follows: "If, upon all the evidence, you find that the car was not proceeding at an excessive rate of speed and that the motorman was exercising due care in the operation of his car, that he saw the plaintiff as soon as he came into view and that he thereupon stopped the car as quickly as he could in the exercise of due care, the plaintiff is not entitled to recover."

3. The subject of the ninth request was sufficiently covered in the charge.

4. The tenth, — so far as it relates to the care of the plaintiff, and that of his mother in whose charge he was at the time of the accident, — became unnecessary by reason of the defendant's concession as to due care. The suggestion as to the conduct of some third person was dealt with adequately in the instruction: "If the plaintiff was being followed or chased by some one and ran out on to the track and he was injured, he may recover if the motorman was negligent."

5. The plaintiff's seventh request (which was refused) and the defendant's fifth request (which was given) deal with the motorman's duty to ring the gong. As an abstract proposition of law it was not correct to say that "the failure to ring the gong . . . is no evidence of negligence." But the only negligence involved in this case was an alleged failure by the motorman to perform some duty that he owed to the plaintiff, which contributed to the plaintiff's injury. Even though the failure to sound the gong might constitute actionable negligence with respect to some other person, plainly it could not have contributed to this accident, as the plaintiff was a deaf mute and could not have heard the gong, if sounded. It follows that there was no error in refusing the plaintiff's request, and no reversible error in giving that of the defendant. *Burns* v. *Jones*, 211 Mass. 475.

6. The only criticism made by the plaintiff to the giving of the defendant's third request is, "that it is not a correct interpretation of the law of the Commonwealth on the question of the due care of the plaintiff." As such it became immaterial, however, when the defendant later conceded the plaintiff's due care. Its correctness in other respects, even if questioned, could not be tested, in the absence of "all the evidence" on which the instruction was based. *Barnes* v. *Loomis*, 199 Mass. 578.

*Exceptions overruled.*