HENRY NELLIGAN, administrator, *vs.* JOSEPH FONTAINE.

Bristol.    October 23, 1916. — December 2, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Motor vehicle, In use of highway. *Practice, Civil,* Conduct of trial: judge's charge, remark of attorney, Exceptions.

At the trial of an action against the owner of a motor car for causing the death of a boy less than five years of age, there was evidence warranting findings that the motor car was being driven by the defendant's son acting as his agent, that, going north, it turned to the west to pass a vehicle on the east side of the street, then turned to the east side of the street to pass an ice wagon that was standing near the middle of the street facing south, then turned to the west again and ran over the boy about eighteen feet back of the ice wagon, that no warning signal of the approach of the defendant's car was given, that the speed of the car was not slackened although the driver knew that "there was danger around an ice wagon," and that as he passed the ice wagon the driver turned his head over his left shoulder and spoke to someone whom he called Fred. *Held,* that a finding that the driver was negligent was warranted.

An exception, by a defendant in an action of tort for causing death, to a statement of the presiding judge in his charge, "If the accident happened as claimed by the plaintiff," the jury "might have a right to find for the plaintiff," must be overruled when the parts of the charge preceding and following the remark are not reported in the bill of exceptions.

An exception to a question put to a witness must be overruled where it does not appear in the bill of exceptions that the question was answered.

An exception to a remark to the jury made by an attorney in examining a witness must be overruled where it appears that the judge in his charge instructed the jury to disregard the remark entirely.

TORT by the administrator of the estate of Henry Nelligan for causing the death of the plaintiff's intestate on November 9, 1912, when he was run over by a motor car driven by an employee of the defendant.  Writ dated December 30, 1912.

In the Superior Court the case was tried before *Hamilton,* J. The material evidence and conduct of the trial are described in the opinion.  The jury found for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

The case was submitted on briefs.

*D. R. Radovsky,* for the defendant.

*J. W. Cummings, C. R. Cummings & J. W. Nugent,* for the plaintiff.

CARROLL, J.  The plaintiff's intestate, a child less than five years of age, was struck and killed by an automobile driven by the defendant's son while acting as his agent.  It was admitted that the deceased was properly in the charge of his aunt who was in the exercise of due care.

There was sufficient evidence of the agent's negligence to warrant the submission of this question to the jury.  They might have found the following facts: The automobile, going north, turned out, to avoid a vehicle on the east side of the street, then turned back toward the east side of the street to avoid an ice wagon standing near the middle of the street and facing south, and, after passing the ice wagon, turned again to the west.  At a point eighteen feet in the rear of the ice wagon and about three feet from the west curbing, it ran over the intestate.  No signal was given of the approach of the machine, and the speed was not lessened although the driver knew "there was danger around an ice wagon."  He admitted he did not see the child before the accident and the first he knew that anything had happened was from the jar.  It also could be found that as the automobile approached the deceased, the head of the defendant's agent was turned over his left shoulder toward the rear of the ice wagon, and he was speaking to some one whom he called Fred.  Although the bill of exceptions does not say that it contains all the material evidence (*Evans* v. *County of Middlesex,* 209 Mass. 474, 481) sufficient facts are reported to make the case a proper one for the jury to consider, and, if they believed the reported facts to be true, they could find the defendant to have been negligent.

The defendant excepted to the statement of the judge in his charge: "If the accident happened as claimed by the plaintiff they might have a right to find for the plaintiff." Even if this were erroneous, the whole charge is not reported; we do not know what preceded or followed the remark, to what part of the evidence it was directed, or how it was qualified or restricted by other parts of the charge. For these reasons this exception is overruled. *Rock* v. *Indian Orchard Mills,* 142 Mass. 522. *Doe* v. *Boston & Worcester Street Railway,* 195 Mass. 168, 172.

The question put to the witness Cook on cross-examination by the plaintiff was not answered, and the exception to this question must be overruled. The statement of counsel to the jury when this witness was testifying, in directing their attention to the memorandum book, was referred to in the charge and the jury were told to entirely disregard it. No harm, therefore, was done the defendant.

*Exceptions overruled.*