ANNIE DeFILIPPO *vs.* ANDREW DiPIETRO.

Suffolk. November 14, 1928. — November 27, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Common stairway. *Negligence,* Of person owning or controlling real estate, Contributory. *Evidence,* Competency. *Practice, Civil,* Exceptions.

At the trial of an action of tort by a tenant against his landlord for personal injuries resulting from a fall upon a defective stairway under the defendant's control, there was evidence that the plaintiff had been a tenant for a number of years; that the defect in the stairway upon which the plaintiff fell had been called to the janitor's attention two or three weeks previous to the accident; that the defect had existed for about four weeks previous thereto; that, during those four weeks, the plaintiff walked up and down the stairway almost every day and had seen the defect; and that at the time of the accident he did not look to see where he was stepping, and was not as careful as on previous occasions, and the defect had gone out of his mind and he was not thinking of it, although it was then so light that he could have seen

the defect if he had looked. The trial judge denied a motion by the defendant that a verdict be ordered in his favor. *Held,* that

(1) A finding was warranted that the defect arose after the commencement of the tenancy;

(2) It could not be ruled as a matter of law that the plaintiff was guilty of contributory negligence;

(3) The motion properly was denied.

The burden is upon a party alleging exceptions to set forth in the bill of exceptions enough to show harmful error; this court is not required to infer that there was such error if the bill is susceptible of the contrary inference.

An issue at the trial of the action above described was whether the plaintiff had lost weight because of the accident. The bill of exceptions stated that the judge, subject to the defendant's exception, admitted testimony by a witness for the plaintiff that the plaintiff was weighed upon a scale where, by putting a penny in a slot, a card came out with figures on it indicating the weight, which the witness stated; and that, in answer to a question, whether the witness had seen the plaintiff weighed, he answered, ". . . [the plaintiff] showed me the card that the machine slipped out." *Held,* that

(1) Such evidence was competent if the witness was present at the weighing and himself saw the card with the figures on it come out of the machine;

(2) The defendant had not set forth enough in the bill of exceptions to show clearly that the witness was not present at the weighing and did not see the slip; and the exception must be overruled.

Tort, by a tenant against her landlord, for personal injuries sustained when the plaintiff fell upon a defective stairway in the control of the defendant. Writ dated December 3, 1925.

At the trial in the Superior Court, before *Walsh,* J., there was evidence that the plaintiff had been a tenant of the building for a number of years and that her husband had called the janitor's attention to the defect in the stairway upon which she fell two or three weeks previous to the accident. Other material evidence is stated in the opinion. In addition to the testimony described therein, concerning the weighing machine, the plaintiff's husband was asked if he had seen the plaintiff weighed recently, and he answered, "She showed me the card that the machine slipped out . . . last week."

At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in his favor; and there was a verdict for the plaintiff in the sum of $1,750. The defendant alleged exceptions.

The case was submitted on briefs.

*D. Flower,* for the defendant.

*J. Santosuosso & J. W. Vaughan,* for the plaintiff.

RUGG, C.J.   This is an action of tort whereby the plaintiff, a tenant, seeks to recover of the defendant, her landlord, for injuries alleged to have been sustained by the defective condition of a common stairway in the control of the defendant.

One issue at the trial was whether the plaintiff might be found to have been in the exercise of due care.   The evidence upon this point was that a defect in the stairway arising from a broken step had existed for about four weeks prior to the plaintiff's injury, and that during this period the plaintiff had walked up and down these stairs almost every day and had seen the defect; that at the time of the accident it was so light that she could have seen it if she had looked, but that in coming down the stairs she did not look to see where she was stepping and was not as careful as she had been on previous occasions; that the defect in the step had gone out of her mind at the moment and she was not thinking of it. This evidence warranted findings that the defect in the stair arose after the commencement of the tenancy a number of years before and that the plaintiff was in the exercise of due care.   *Looney* v. *McLean,* 129 Mass. 33, 36.   *Callahan* v. *Dickson,* 210 Mass. 510, 515.

Another issue at the trial was whether the plaintiff had lost weight by reason of the accident.   Her husband testified that she had been weighed upon a scale where, by putting a penny in a slot, a card came out with figures on it indicating the weight, and that as the card came out it showed on several occasions "Sometimes 102 and sometimes 104 pounds."   If the witness were present and saw with his own eyes the card with the figures upon it come out of the machine, it was competent for him to testify what those figures were. Such testimony would stand on the same footing as testimony of the indication of the weight upon an ordinary platform scale.   It is argued that the witness was not present but was testifying from what he saw upon slips shown him by the plaintiff.   That does not clearly appear in the record. The excepting party is bound to set out enough in the bill

of exceptions to show that there has been error. His failure in the case at bar to show that the witness was not present and did not see the slips prevents him from requiring us to accept that inference where the record is susceptible of another inference. The burden is on the excepting party to show that he has been harmed. *Posell* v. *Herscovitz*, 237 Mass. 513, 516, 517. *Commonwealth* v. *McIntosh*, 259 Mass. 388, 391.

*Exceptions overruled.*