FRANK E. LENEHAN *vs.* JOHN J. TRAVERS.

MARY E. LENEHAN *vs.* SAME.

ANN M. HARRINGTON *vs.* SAME.

NORA HARRINGTON *vs.* SAME.

Middlesex.    October 2, 3, 1934. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Evidence,* Opinion: expert. *Witness,* Expert. *Practice, Civil,* Appellate
   division: appeal.

At the trial of an action for damages resulting from a collision of an
   automobile operated by the plaintiff with an automobile operated
   by the defendant, there was evidence that the plaintiff's automobile,
   travelling at a certain speed, approached that of the defendant from
   the rear as it was parked and that, when the plaintiff's automobile
   was within five or seven feet of the defendant's automobile, it sud-
   denly, without warning, was backed and struck the plaintiff's auto-
   mobile.  A witness called by the plaintiff testified that he was in the
   automobile business and had been engaged in the business of repair-
   ing automobiles for fifteen to twenty years; that he had not attended
   any engineering or technical school, was not an engineer, had never
   made a study of forces or the action or reaction of forces; that his
   only experience had been as an automobile mechanic; and that he
   had examined and repaired the plaintiff's automobile after the col-
   lision.  Subject to objection by the defendant, he was permitted to
   testify as an expert, giving his opinions as to what rates of speed of
   the plaintiff's automobile would be necessary to produce the damage
   which he observed, upon the hypothesis that the defendant's auto-
   mobile was backing, and upon the hypothesis that it was stationary.
   *Held,* that
       (1) The subject matter of the inquiry was proper for expert testi-
   mony;
       (2) The determination of the question, whether the witness was
   qualified to testify as an expert, was within the discretionary power
   of the trial judge;
       (3) No error was shown.
A party appealing from an order of an appellate division dismissing a
   report of a judge of a district court is bound to see that the record
   includes all that is necessary to enable this court to determine whether
   rulings of which he complains were prejudicial to him.
No error was disclosed, upon the record of an appeal by a defendant
   from an order dismissing a report to an appellate division by a judge

of a district court who heard together four actions of tort against that defendant, in a ruling permitting one of the plaintiffs to cross-examine another plaintiff who was neither hostile nor unfriendly to him, where there was nothing to show what questions were asked and what answers were given, or that the defendant was prejudiced thereby.

FOUR ACTIONS OF TORT, described in the opinion. Writs in the First District Court of Eastern Middlesex, the first two dated October 20, 1931, and the second two dated March 24, 1932.

In the District Court, the actions were heard together by *Brooks*, J. Material evidence is described in the opinion. There were findings for the plaintiffs, respectively, in the sums of $350, $2,500, $72, and $559. The judge reported the actions to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

*J. G. Ashe*, for the defendant.

*R. T. Bushnell*, (*J. J. McCarthy & J. Lewiton* with him,) for the plaintiffs.

CROSBY, J. These are four actions of tort in which the plaintiffs Nora Harrington and Mary E. Lenehan seek to recover for personal injuries; the plaintiff Frank E. Lenehan seeks to recover for expenses incurred for treatment of his wife, who was injured; and the plaintiff Ann M. Harrington seeks to recover for property damage. The cause of action in each case is alleged to be the negligence of the defendant. The actions were brought and tried in the District Court, and there was a finding for the plaintiff in each case.

The plaintiffs offered evidence tending to show that the automobile in which the plaintiffs Nora Harrington and Mary E. Lenehan were riding at the time of the accident was being operated by Nora Harrington and was proceeding along the Revere Beach Boulevard at a speed of ten to fifteen miles an hour. Nora Harrington testified that she saw the defendant's automobile parked on the boulevard next to the curb some distance ahead; that when she was within five or seven feet of it, suddenly, and without warning, it backed at an angle, striking the right front fender and wheel of the one

she was driving as it turned to avoid the collision. The testimony of the plaintiff Mary E. Lenehan was similar to that above set forth. Both these plaintiffs were injured and the automobile was damaged as a result of the collision.

John Melkonian, a witness called by the plaintiffs, testified that he was in the automobile business and had been engaged in the business of repairing automobiles for fifteen to twenty years; that he had not attended any engineering or technical school, was not an engineer, had never made a study of forces or the action or reaction of forces, and his only experience was as an automobile mechanic. He further testified that after the accident he examined and repaired the automobile in which the two plaintiffs were riding; that the right front fender was damaged, the right front wheel was pushed in, and the housing was damaged. During the examination of this witness certain questions were asked by counsel for the plaintiffs which were admitted, subject to the defendant's objection and claim of report. The objection in each instance was to the admissibility of the evidence, and to the qualification of the witness to answer the questions. He testified in substance that to damage an automobile like the one in question it must have been hit quite a blow; that such damage could result from a collision with another automobile which was stationary; that the condition of the Harrington automobile was not, and could not have been, so caused when it was running fifteen miles an hour and collided with a standing automobile; that at that speed the damage to the housing could not occur — a tremendous blow would have been required; that it could have occurred when going fifteen miles an hour and another automobile backed into it; that in his opinion the Harrington automobile would have to be going at least twenty-five miles an hour to receive such damage if it struck a stationary vehicle. The trial judge found for the plaintiff in each case, and reported the actions to the Appellate Division. That court decided that there was no prejudicial error, and entered an order dismissing the report, from which the defendant appealed.

The questions, whether the driver of the Harrington

automobile was in the exercise of due care, and whether the defendant was negligent, were important to determine whether the plaintiffs were entitled to recover. The damage to the Harrington car and the speed necessary to produce it were not matters within the ordinary experience and knowledge of men in general, and expert testimony was competent to aid in determining the speed of the motor vehicles, since that question was important to be considered. In determining whether a witness is qualified to testify as an expert much must be left to the discretion of the trial judge. It was said by this court in the case of *Jackson* v. *Anthony*, 282 Mass. 540, at page 544: "Ordinarily the exterior indications of the point of contact of two colliding vehicles would be likely to furnish a jury with grounds on which they, without aid, might draw all justifiable inferences as to the angle of incidence of the vehicles at the time of the impact and the portions thereof first in contact. The evidence here shows damage to so many different portions of the vehicles, exterior and interior, involving structural parts, some of which are not ordinarily seen and whose strength of resistance to force can hardly be said to be within common knowledge, that we cannot quite assume that the experience and knowledge of the jurors as intelligent men and versed in the ordinary affairs of life would not be instructed and aided by expert testimony." See also *Ouillette* v. *Overman Wheel Co.* 162 Mass. 305, 310, 311; *Tuttle* v. *Connecticut Valley Street Railway*, 239 Mass. 553, 557; *Coulombe* v. *Horne Coal Co.* 275 Mass. 226, 229. It is the contention of the defendant that the testimony of the witness Melkonian was erroneously admitted. The defendant argues that the witness did not possess the knowledge and experience necessary to qualify him as an expert respecting matters concerning which he was interrogated. It could have been found that he had engaged in the work of repairing automobiles for many years. Whether he had the necessary qualifications to testify as an expert was a question for the trial judge to decide and his decision was conclusive unless it appeared on the evidence to have been erroneous as matter of law. *Guinan* v. *Boston Elevated*

*Railway,* 267 Mass. 526, 527. We are of opinion that it could not properly have been so ruled.

It is recited in the report that the plaintiff Nora Harrington testified upon direct examination; that counsel for the plaintiff Mary E. Lenehan was then permitted over the objection of counsel for the defendant to cross-examine Mrs. Harrington who was neither a hostile nor an unfriendly witness; that the defendant claimed a report of the allowance of such cross-examination. There is nothing in the record to show what the questions and answers on cross-examination were, or that the defendant was prejudiced thereby. The defendant, as the appealing party, is bound to see that the record includes all that is necessary to enable us to decide whether the rulings of which he complains were prejudicial to him. *Barnes* v. *Loomis,* 199 Mass. 578, 581. *Posell* v. *Herscovitz,* 237 Mass. 513, 516, 517. *Commonwealth* v. *Chin Kee,* 283 Mass. 248, 260. No prejudicial error was shown in the admission of this cross-examination.

It results that as no error of law is shown the entry must be

*Order dismissing report affirmed.*