Pettingell, J.
Action of tort growing out of an automobile collision. Prom conflicting evidence the trial judge could have made a finding of negligence or one of contributory negligence, depending upon his decision as to credibility. There was evidence which, if believed, would have warranted either finding.
In this state of the case the defendant filed seven requests for rulings of which four, the third, fifth, sixth and seventh *308 are to the effect that the evidence warranted findings that the plaintiff was contributorily negligent, that negligence of the plaintiff contributed to the accident, that a finding for the plaintiff was not warranted, and that a finding for the defendant was warranted.
The trial judge did not, in terms, grant or refuse these requests. Instead, referring to the requests by number, he made findings of fact, that the defendant’s, agent was negligent and that the plaintiff was in the exercise of due care. This disposition of the requests is, in effect, a denial of them.
The plaintiff. argues that this treatment of the requests is prejudicial error; that there was evidence sufficient to warrant findings of contributory negligence and for the defendant, and that the trial judge should so have instructed himself before passing upon the credibility of the evidence.
In several cases this Division has passed upon this question and has pointed out that the two functions of a trial judge, that of judge and that of jury, should be carefully differentiated, and that by failing to recognize and separate these functions, prejudicial error may easily be committed. It does not follow, however, that every such failure necessarily so results. There are occasions where short cuts may be taken safely, when it is not prejudicial error to put ‘ ‘ the cart before the horse,” Gibson v. Hanlon, Mass. App. Div. Reports, Vol. 3, No. 3, page 212, at 214.
In a ease, such as the instant one, where there is evidence warranting a finding either way, and the only issues of law are those raised by requests such as those under consideration, we see no prejudicial error where findings of fact, such as are here, definitely disclose which evidence the trial judge found to be true. It is the kind of a finding-which the Supreme Judicial Court refers to in Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301, as a sufficient ground *309 for the denial of this kind of a request. See Strong v. Haverhill Electric Co., Mass. Adv. Sh. (1938) 345, at 346. The decision turns not upon “the refusal to rule and the ruling implied in that refusal” but upon the judge’s consideration of the evidence before him. While it might make a more nearly perfect procedure if he were to give the ruling and then to explain it is not a material factor, there is no error of which a party can complain, if the facts demonstrate that no issue of law has been slighted and that only a question of fact is involved which has been decided after a consideration of the evidence.
There was no error in the disposition of the defendant’s other requests. The second, which is predicated upon the negligence of the plaintiff, is disposed of by the finding that the plaintiff was in the exercise of due care. The fourth calls for a finding of fact, and its denial becomes immaterial in view of the specific finding that the father was not the custodian of the child. There remains for consideration the first request, as to which the defendant contends that whether or not the burden of proof has been sustained is a question of law. It is possible that such an issue can be a question of law, see Sherman v. Sidman, Mass. Adv. Sh. (1938) 667, at 669, but where, as here, the issue is raised by oral testimony, involving the credibility of witnesses, the issue is one of fact. Hannuniemi v. Carruth, 278 Mass. 230, at 232; Winchester v. Missin, 278 Mass. 427, at 428; Salem Trust Co. v. Deery, 289 Mass. 431, at 433; “whether the defendant sustained the burden of proving that the negligence of the plaintiff contributed to the accident was a question of fact,” Crowley v. Freeman, Mass. Adv. Sh. (1935) 1409, at 1410; “the finding of fact ‘the plaintiff failed to sustain the burden of establishing by the greater weight of the evidence that the debt claimed was owed’ was not a ruling of law.” Commonwealth Investment Co. v. Fellsway Motor Mart Inc., Mass. Adv. Sh. (1936) 1001, at 1009.
*310 The greater part of the defendant’s argument was taken up by his contention that there was such an irregularity at the trial as to require a ruling of prejudicial error. It is stated in the report that “after counsel for the defendant had argued, and during the course of argument by counsel for the plaintiffs, the court said to the latter: ‘confine yourself to damages, I have already made up my mind to find for the plaintiffs.’ ” The defendant’s contention is that this is conclusive evidence that the trial judge made his decision before he had considered the requests for rulings which the defendant had filed.
We do not so interpret the record. It is not stated in the report that the trial judge did not consider the requests. It is a familiar fundamental rule, that one alleging error must set out enough in the record to show that there has been error. Barnes v. Loomis, 199 Mass. 578, at 581; Posell v. Herscovitz, 237 Mass. 513, at 516, 517; DeFelippo v. DiPietro, 265 Mass. 186, at 188, 189: “no presumptions can be indulged in in favor of an appellant who fails to cause to be set out in the record enough to show harmful error which has affected his substantial rights. ’ ’ Thayer v. Thayer, 277, Mass. 256, at 260.
Although it might have been better procedure for the trial judge to avoid comment such as was made here, nevertheless, there is nothing inherently difficult or impossible in the examination during an argument of seven requested rulings of a simple nature, and the formation of a decision as to their proper disposal. The evidence was fresh in the judge’s mind and he was in a position immediately to apply to it pertinent rulings of law to render a decision forthwith. In the absence of anything in the report to show that he failed to consider the requests before him, we see nothing to cause us to believe that the disposition which he subsequently committed to writing was not already in his mind *311 when he made to the plaintiff’s counsel the remark now complained of. The defendant had been fully heard and the case is not within the scope of such cases as Parker v. Lewis J. Bird Co., 221 Mass. 422, at 425; Commonwealth v. Marrelli, 266 Mass. 113, at 115; Union Trust Co. v. Magem’s, 266 Mass. 363, at 365; Preston v. Peck, 271 Mass. 159, at 163, 164. The defendant’s contention simmers down to a complaint that the trial judge did not give the requests the consideration which the defendant feels that they deserved. We fail to find any error. The report is to be dismissed.