Petttngbll, P. J.
Action of contract in which the plaintiff, a Division of the Commonwealth, seeks to recover from an employer, its contribution with interest, due under General Laws, c. 151 A. By section 15 (b) of the Chapter such contributions may be recovered in an action of contract in the name of the Commonwealth. See Division of Unemployment Compensation v. Bowles, 318 Mass. 782, 783.
The defendants deny liability on the ground that they are entitled to certain merit ratings for which credit had been given their business.
At the trial there was evidence tending to show that on the 16th day of June 1937, an Agreement and Declaration of Trust was entered into by and among the defendant, R. *194 Burleigh Bartels, Ida M. Bartels and Frank Legro, the two latter since deceased. What the Agreement and Declaration contained is not set forth. The report states that a copy of the instrument “is hereto annexed and marked Exhibit A.” No such exhibit is annexed to the report.
The defendant R. Burleigh Bartels, a witness for the defendants, testified that he was one of the trustees of the trust created by the instrument of the 16th of June 1937, and that he was also a member of the partnership entered into under a partnership agreement dated September 3, 1943, that Ida M. Bartels, a party to the Agreement and Declaration of June 16, 1937 was his mother; that Helene S. Bartels, the other defendant, is his sister; that he, Ida M. Bartels and Helene S. Bartels were the real beneficiaries under the trust and that Frank Legro, the other trustee who died in 1941, had no beneficial interest under the trust but was the accountant for the concern and made trustee in the event of any questions arising between the defendant and his mother; that after the death of Mrs. Bartels the business continued to be conducted as before without any interruption or change; .that after the death of Mrs. Bartels there was a change in ownership in that her interest passed to the daughter and son in accordance with the terms of the trust.
Certain letters from the defendant to the plaintiff were introduced in evidence and according to the report may be incorporated therein and referred to.
There was evidence tending to show that the contribution for the business had been paid to the plaintiff at the rate of 2.7% through December 31, 1942 and at the rate of .5% through December 31, 1943; that as of April 1943 the plaintiff gave the trust a merit rating of one-half of one per cent effective January 1, 1943; that on July 6, 1943, the plaintiff suspended the account of the trust, effec *195 tive May 31, 1942,- and assessed the defendants for the employer’s contributions at the rate of 2.7% retroactive to and effective as of June 1, 1942; that the defendants paid the plaintiff’s contributions based on the employee’s benefit wage ratio of one-half of one per cent for the year 1943 on the ground that they were successors of the trust under the provisions of General Laws C. 151A, Sections 14c.
After the close of the evidence the plaintiff, by permission of the trial judge, filed late twenty-two requests for rulings, as follows:
“1. Upon all the evidence the finding should be for the plaintiff. 2. The Agreement and Declaration of Trust made on June 16, 1937 by and between Ida M. Bartels of Lynn party of the first part and B. Burleigh Bartels of Marblehead, ‘Ida M. Bartels and Frank A. Legro both of Lynn’ was not a partnership agreement. 3. The defendants or eight of them were not partners under the Agreement and Declaration of Trust made June 16, 1937. 4. The trust formed under the Agreement and Declaration of Trust dated June 16, 1937 was not a partnership because it continued to operate as a trust after the death of Frank A. Legro who died prior to May 1942. 5. If the trust formed under the Agreement and Declaration dated June 16, 1937 could be conceivably construed as a partnership then the death of Frank A. Legro one of the parties to the instrument terminated that partnership; and the defendants under their partnership agreement dated September 3, 1943 were not the successors of an employing enterprise of the employer; and the trust did not continue solely and without interruption because there was a lapse of time between the death of Frank A. Legro and the formation of the partnership dated September 3, 1943. 6. The fact, according to the evidence, that the Agreement and Declaration of Trust dated June 16, 1937 was recorded in the Essex County Begister of Deeds, and not in the Clerk’s Office :of the City of Lynn and in the Clerk’s Office of the Town of Marblehead where the parties named in the *196 said Agreement and Declaration of Trust lived, is evidence that the Agreement and Declaration of Trust formed a trust and not a partnership. 7. The statement of R. Burleigh Bartels to the plaintiff in a letter dated July 7, 1942 and introduced in evidence of the trial of this case that ‘this business1 trust was set up for the purpose of protecting the interest of Ida M. Bartels; 50% of the trust belonging to her and 50% to R. Burleigh Bartels in case of Liquidation’ is an admission on the part of the defendant R. Burleigh Bartels that the trust agreement was not a partnership, and that the said admission is binding upon the defendants. 8. The testimony of the defendant R. Burleigh Bartels that the trust agreement was made to protect the credit interest of Ida M. Bartels is an admission by the defendant R. Burleigh Bartels that the trust agreement was not a partnership, and admission is therefore binding upon the defendants. 9. Upon all the evidence the partnership, formed by and between the defendants on September 3, 1943 acquiring all the assets of the trust agreement dated June 16, 1937, did not succeed to the employer’s benefit wage ratio given to the trust under provision of General Laws Chapter 151A section 14c. 10. The defendants, partners, did not succeed to all of the property and employing enterprise of the trust; and therefore the defendants as partners are separate legal identity and not entitled to succeed to the employer’s benefit wage ratio of the trust under provision of General Laws Chapter 151A, section 14c. 11. According to the defendant’s own admission by testimony of trial of this case and by letters written by the defendants and introduced at the trial of this case there was a change of ownership from the trust to the partnership insofar as the trust related to the Keystone Sole and Shank Company. 12. There was a change of ownership from the trust to the partnership insofar as the Keystone Sole and Shank Company was related to the trust. 13. There was a change in the legal identity from the trust to the partnership insofar as the trust related to the Keystone Sole and Shank Company. 14. The change in ownership and/or the change in legal identity from the trust to the partnership, insofar as the change related to the Keystone Sole and Shank Com- *197 pony, was not of the kind and nature which would entitle the defendant partner to inherit the benefits under provision of General Laws Chapter 151A section 14c. 15. If the change in ownership and/or the change in legal identity from the trust to the partnership, insofar as the change related to the Keystone Sole and Shank Company, was of the kind and nature applicable to General Laws Chapter 151A setcion 14c, then the defendants under the partnership agreement dated September 3, 1943 still would not be entitled to succeed to the employer’s benefit wage ratio of the trust because the defendants did not comply with provision of General Laws Chapter 151A section 14c by giving notice of the change to the plaintiff within two months after the last quarter in which the said change occurred. 16. (A) In order that the defendants, partners, should be able to receive the same employer’s benefit wage ratio as the trust was receiving, it was necessary that the defendants give to the plaintiff, in accordance with provision under General Laws Chapter 151A section 14c, notice of the change of legal identity from the trust to the partnership within two months after the last day of the quarter in which the said change occurred. (B) There was no evidence that the defendants gave such notice to the plaintiff. (C) According to the defendant’s B-. Burleigh Bartels testimony no such notice was given to the plaintiff. 17. (A) According to the evidence ,the defendants, partners, succeeded only to part of the property and employing enterprise of the trust, and the defendants therefore are not entitled to succeed to the employer’s benefit wage ratio of the trust in accordance with provision under General Laws Chapter 151A section 14c. (B) The defendants by their acts in paying to the plaintiff the contributions for the year 1944 at the rate of 2.7% admitted that they are not entitled to succeed to the employer’s benefit wage ratio of the trust in accordance with provisions under General Laws, Chapter 151A, Section 14c. 18. The Keystone Sole and Shank Company itself was not, under the Agreement and Declaration of Trust dated June 6, 1937, the employing unit in accordance with provision of General Laws, Chapter 151A section 1. 19. The defendants are *198 not ‘a new employing unit consisting of one or more of the former partners and one or more individuals’ succeeding to the employing enterprise of a previous partnership. 20. The Agreement and Declaration of Trust dated June 16, 1937 was not a partnership under provision of General Laws Chapter 108A. 21. The defendants ’ remedy, if they have any is not under this action but under General Laws Chapter 151A section 18. 22. The plaintiff is entitled to recover under this declaration in accordance with provision of General Laws Chapter 151A section 15.”
The first question is whether the Appellate Division has jurisdiction of the case, Chapter 151A containing various provisions for appeals, inconsistent with an appeal to an Appellate Division of the district courts.
■Section 42 of C. 151A is entitled Review by Courts, Appeals. It begins with the statement that it applies to any decision of fact or law made in any proceeding under sections twelve, thirty-eight and thirty-nine, by which any person aggrieved, may, after the exhaustion of the appellate remedies provided by sections forty and forty-one, apply to a district court or the Municipal Court of the City of Boston and the court applied to shall make a decision from which an appeal may be taken to the Supreme Judicial Court on questions of law.
An examination of sections twelve, thirty-eight and thirty-nine, as well as sections forty and forty-one shows that they relate to the filing of claims for benefits and have no relation to actions such as this, to collect a contribution from an employer.
Incidentally, Section 42 has been so amended by c. 534 of the Acts of 1943, as to constitute an entirely new section which provides a decision by the Board of Review, a review by a district court and an appeal to the Supreme Judicial Court. See, also, Statute 434 of the Acts of 1947, which, however, is not yet in effect.
*199 The statutory procedure provided by C. 151A, Section 42, St. 534 of the Acts of 1943 and Statute 434 of 1947, each ending in an appeal to the supreme judicial court from the district court, are actually equitable remedies to furnish employees with easy access to the benefits provided by the statute. There is nothing in any of the sections of the statute providing this kind of appellate relief which indicates that they relate to any parts of Chapter 151A other than those expressly specified or that they in any way relate to the general administration of the statute, or particularly to the collection of contributions from employers. In such matters as the right to sue or be sued the status of the Division appears to be the normal one of debtor and creditor. Griswold v. Director of Employment Security, 315 Mass. 371. Division of Unemployment Compensation v. Bowles, supra.
It appears, therefore, that, Section 15 (b) of c. 151A authorizes the collection of a contribution from an employer by an action of contract. There is nothing in G-. L. c. 151A which differentiates the right of the Division of Employment Security in the collection of such a contribution from the right of any plaintiff in the collection of any debt due him. It is an action of law and would appear to be as much within the jurisdiction of the Appellate Division as any other action of law at which requests for rulings of law are filed and denied or improperly allowed.
In the present instance, nevertheless, there are certain imperfections in the preparation of the report which musí seriously affect the result of the plaintiff’s appeal. Mention already has been made of the fact that the report refers to an Exhibit A and an Exhibit B which are referred to as annexed to the report, no such exhibits being so annexed.
The burden is upon the plaintiff to show the error by which he is harmed by setting out a sufficient record. *200 Barnes v. Loomis, 199 Mass. 578, at 581. Levine v. Cohen, 235 Mass. 446, at 448. Posell v. Herscovitz, 237 Mass. 513, at 516, 517. Lennon v. Cohen, 264 Mass. 414, at 427. DeFilippo v. DiPietro, 265 Mass. 186, at 188, 189. Reilly v. Selectmen of Blackstone, 266 Mass. 503, at 510. Gilchrist v. Boston Elevated Ry., 272 Mass. 346,. at 350. Webster v. Kelly, 274 Mass. 278 Thayer v. Thayer 277 Mass. 256 at 260. Germain, Petr., 258 Mass. 289, at 298. Lenehan v. Travers, 288 Mass. 156, at 160. Kolda v. National Ben Franklin Fire Ins. Co., 290 Mass. 182, at 184. McDonald v. Adamian, 294 Mass. 187 at 190. Gaw v. Hew Construction Co., 300 Mass. 250, at 251, 252. Curtin v. Benjamin, 305 Mass. 484, at 494. Coe v. Coe, 313 Mass. 232, at 234. Moran v. School Committee, Littleton, 317 Mass. 591, at 597. Lane v. Epinard, 318 Mass. 664, at 668.
The report (page 3) states, also, “certain letters from the defendant to the plaintiff were introduced in evidence and are hereby incorporated in the report and may be referred to. These letters do not appear in the report. Rule 28, of the District Court Rules, (1940 Ed.) reads, “Papers on file in the case may not be incorporated by reference except by permission of the Appellate Division”. No such permission appears to have been given to- incorporate by reference the “certain letters” thus referred to and the case will have to be decided without reference to them.
The report does not state that it contains all the evidence material to the questions reported. It is impossible for us to find error in those requests which relate to the missing exhibits, and certain “letters”. Cohen v. Longarini, 207 Mass. 556, at 557 Evans v. County of Middlesex, 209 Mass. 474 at 481. Savage v. Collins, 211. Mass. 472. Sexton v. Boston Elevated Railway, 214 Mass. 432, at 435 Altavilla v. Old Colony Street Railway, 222 Mass. 322, at 326. Brown v. Learmouth, 228 Mass. 417, at 419. Posell v. Hers *201 covitz, 237 Mass. 513, at 516, 517. New York Central Railroad, 240 Mass. 200, at 208, 209: Roy v. Parker, 243 Mass. 292, at 295. McKin v. Siegel, 256 Mass. 269. Commonwealth v. McIntosh, 259 Mass. 388, at 391. Barnes v. Springfield, 268 Mass. 497, at 504. Jordan v. Velozo, 269 Mass. 347, at 351. Webster v. Kelly, 274 Mass. 564, 573. LaFrance Industries v. Boston, 276 Mass. 60, at 61. Household Engineers Inc. v. Ryder, 277 Mass. 523, at 524. Harrington v. Travers, 288 Mass. 156, at 160. Trites v. Melrose, 318 Mass. 378, at 380. Furbush v. Connolly, 318 Mass. 511, at 512.
In the absence of other evidence which may have been heard .but is not reported there was no error in the denial of requests 1, 6, 9, 10, 12, 13, 14, 15, 16 (A), 16 (B), 16 (C), 17 (A), (B), and 22.
Requests 2, 3, 4, 5,10,12,13,18,19 and 20 were properly denied in the absence of the missing Exhibits “A” and “B”.
With regard to request 21, however, the situation is different. That request is:
. “The defendants’ remedy, if they have any, is not under this action but under General Laws Chapter 151A, Section 18.”
Chapter 151 A, in its original form, St. 1935, c. 479, as amended by St. 1936, cc. 12 and 249, was passed upon by the Supreme Judicial Court in Howes Bros. Co. v. Unemployment Compensation Commission, 296 Mass. 275. In that case the act, as amended, was held constitutional but the court pointed out that such statutes commonly afford relief at law to aggrieved taxpayers for the recovery at law of amounts already paid, if the statute should be held to exceed the constitutional power of the General Court but that C. 151A contained no such provision.
*202 As a result of the decision in the Howes case, the legislature, in amendment of C. 151A, passed St. 1941 c. 685. Section 18 of the 1941 amendment added to c. 151A a provision that any contributor, within three years after the payment of a contribution may apply for the adjustment or refund of any such contribution, and if the application is denied, the applicant, having paid the tax, may bring an action of contract to recover the whole or any part of such contribution.
Where the legislature adopts a comprehensive system dealing with an entire system intended to cover the whole subject to which it relates, two principles of law dealing with a situation, such as the present one, come into being; (1) the legislation enacted to cover the entire situation repeals impliedly all existing statutes touching the subject and supersedes the common law. Salisbury v. Salisbury Water Supply Co., 279 Mass. 204, at 206. Knowlton v. Swampscott, 280 Mass. 69 at 71. Commissioner of Banks v. Highland Trust Co., 283 Mass. 71, at 72. (2) Where a statute has been enacted seemingly intended to cover the whole subject to which it relates, including a remedy for its infraction, other provisions of the common law, such as are remedial in nature, are thereby superseded. School Committee of Lowell v. Mayor, 265 Mass. 353, at 356. Gediman v. Cameron, 306 Mass. 138, at 140. “Abatement of taxes has long been governed by a statutory system, which completely cover the field and leaves no place for the operation of any remedial provisions other than those included in the said system. While such a statutory arrangement continues in force it supersedes remedies that might otherwise be invoked. Codman v. Assessors of Westwood, 309 Mass. 433, at 437. A provision that a tax must be paid before the taxpayer can obtain a hearing on the merits is valid. Lincoln Hotel Co. v. Assessors of Boston, 317 Mass. 505, at 510.
*203 Under Section 18 a recovery was made, and was sustained in the Supreme Judicial Court, in Packard Clothes Inc. v. Director of the Division of Employment Security, 318 Mass. 329.
In the present ease it appears by the report that there was testimony showing an issue between the parties whether the plaintiff had correctly computed the defendant’s contribution in that the defendant claimed that the plaintiff had failed to give the defendant the benefit of certain ratings it had at one time allowed the defendant or the defendant’s predecessor. The issue between the parties was practically the same in this case as in the case of Packard Clothes Inc., supra. The significant difference between the two cases, however, is that in the Packard Clothes Inc., the taxpayer paid the contribution and then acted under Section 18 of c. 151A for a recovery. As to the obligation generally of a taxpayer to pay a tax before seeking to adjudicate it, see Old Colony Railroad v. Assessors of Boston, 309 Mass. 439, at 442-444.
In the case at bar, the statute definitely bases the right of the taxpayer upon the payment of the tax, making it a condition precedent to recovery.
Until the defendant has paid his contribution he is in no position to have it adjudicated. Under the principles of law involved, the defendant’s course of duty, having first paid the tax, is to proceed under the remedy offered by the statute, c. 151A, which is that furnished by Section 18. Only in this way can the defendant secure an adjudication of its right to the allowance of the ratings claimed. Packard Clothes Inc. v. Director of the Employment Security, 318 Mass. 329.
The disposition of the 21st ruling requested was not dependent upon any of the missing instruments, documents, or evidence, not appearing in the report. It was a state *204 ment of the law appropriate to the situation as disclosed by testimony actually heard. There was enough in the report to disclose the pertinency of this particular request. Nelligan v. Fontaine, 225 Mass. 329, at 330. Swistak v. Paradis, 288 Mass. 377, at 380. Under no other procedure can the defendant secure the relief which he seeks. The denial of the ruling was prejudicial error. The judgment for the defendant is to be vacated and the case is to stand for a new trial.